IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| NICHOLAS BARONE,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>TRACEY L. GORDON, *individually*, and CITY OF PHILADELPHIA,<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>No.<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, by way of Complaint against the Defendants, and upon information and belief and at all times relevant herein, alleges as follows.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1367; and 42 U.S.C. § 1983.

2. Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

1. Plaintiff Nicholas Barone (hereinafter "Plaintiff" or "Mr. Barone") is an adult individual and citizen of Pennsylvania, residing at 1815 W. Moyamensing Avenue, Philadelphia, PA 19145.

2. Defendant Tracey L. Gordon (hereinafter "Defendant Gordon") is an individual serving as the Register of Wills for Philadelphia, Pennsylvania, with an office located at 180 City Hall, Philadelphia, Pennsylvania 19107.

3. Defendant City of Philadelphia is an independent municipality and/or political subdivision with an address at 1400 John F Kennedy Boulevard, Philadelphia, Pennsylvania 19107.

4. At all times relevant, Defendant Gordon acted under the color of state law and within the scope of her authority and employment with Defendant City of Philadelphia as Register of Wills for Philadelphia, Pennsylvania, an elected municipal position.

5. At all times relevant, Defendant City of Philadelphia acted under the color of state law.

6. At all times relevant, Defendants acted by and through their employees, agents, workers, and/or ostensible agents.

## FACTS

7. On or about January 3, 2019, Plaintiff was hired by the City of Philadelphia to work as a Records Clerk at the Archives Department for the Register of Wills for Philadelphia, Pennsylvania (hereinafter "Register of Wills"), located at 548 Spring Garden Street, Philadelphia, Pennsylvania 19123.

8. The Philadelphia Register of Wills is an elected position, which serves as the head of the municipal department performing the functions of both the Register of Wills and the Clerk of the Orphan's Court for Philadelphia, Pennsylvania.

9. Defendant Gordon was elected as the Philadelphia Register of Wills and assumed office on January 6, 2020. Defendant Gordon launched a campaign for her reelection in 2024, at which point her present term will expire.

10. At all times relevant, Defendant Gordon was a policymaking official for the City of Philadelphia with respect to, among other things, the hiring, firing and retention of City of Philadelphia employees working at the office of the Register of Wills.

11. Plaintiff did not hold a high-ranking or policy-making position with the Register of Wills.

12. As a Records Clerk for the Archives Department, an administrative position, Plaintiff was responsible for managing and arranging for the transportation of official archive records to and from the main office for the Register of Wills.

13. During his three years of employment as a Records Clerk for the Register of Wills, Mr. Barone received consistently positive performance reviews, never had a disciplinary action or formal reprimand brought against him and was given no notice or warning of dissatisfactory job performance.

14. Mr. Barone's performance at the Register of Wills so exceeded expectations that Patrick Parkinson, a former Administrative Deputy for the Philadelphia Register of Wills, recommended to Defendant Gordon that Mr. Barone be promoted from a part-time to a full-time employee.

15. Defendant Gordon promoted Mr. Barone to a full-time position soon after she took office in January of 2020. As part of his employment with the City of Philadelphia, at the office of the Register of Wills, Mr. Barone was paid a wage, received health insurance, and was eligible for retirement benefits, including a pension.

16. Mr. Barone continued to demonstrate exemplary job performance in his full-time position, prompting Mr. Parkinson to recommend that Mr. Barone be promoted again, this time to a supervisory position.

17. Upon information and belief, in November of 2021, Defendant Gordon notified all Register of Wills employees of a solicitation for financial contributions from them in the amount of $150 to Friends of Tracey Gordon, the Political Action Committee ("PAC") organized on behalf of Defendant Gordon for her reelection to the position of Philadelphia Register of Wills.

18. Nick Barone declined to financially contribute to Defendant Gordon's campaign in response to her solicitation for donations.

19. Upon information and belief, approximately one week after Defendant Gordon sent her solicitation email in November of 2021, Defendant Gordon contacted Thomas Campion, former Supervisor of the Archives Department for the Register of Wills, to ask Mr. Campion why some of the Archives Department employees had failed to financially contribute to her campaign in response to her solicitation for donations.

20. Mr. Campion advised Mr. Barone that Defendant Gordon was unhappy with Mr. Barone's decision not to financially contribute to her reelection campaign.

21. Mr. Barone told Mr. Campion that he could not financially afford to make a $150 donation at that time.

22. Mr. Campion advised Defendant Gordon that Mr. Barone was financially unable to make the $150 contribution. Upon information and belief, Keith Harris, Administrative Deputy for the Register of Wills, responded by advising Mr. Campion that Defendant Gordon would be satisfied with a $75 donation from Mr. Barone.

23. When Mr. Campion relayed Mr. Harris's message to Mr. Barone, Mr. Barone responded that he was still unwilling and unable to contribute $75, or any other dollar amount, to Defendant Gordon's campaign for reelection.

24. Mr. Barone received his final positive performance review from Mr. Campion on or about January 3, 2022, in which Mr. Barone's work performance was described as having exceeded expectations.

25. On January 7, 2022, Mr. Barone received a letter from the Defendant City of Philadelphia, office of the Register of Wills, which provided that Mr. Barone's employment with the Register of Wills was terminated, effective immediately. A true and correct copy of the January 7, 2022 termination letter to Mr. Barone is attached hereto as Exhibit 1.

26. Mr. Barone received no advance notice or warning that his employment at the Register of Wills may be terminated, nor was he ever given any reason or explanation for his sudden firing.

27. Upon information and belief, Mr. Barone's employment was terminated solely because of his refusal to donate to Defendant Gordon's campaign for reelection.

28. Mr. Barone remained unemployed while he searched for and applied for new jobs until June 28, 2022, at which point he accepted an hourly-pay position with no health benefits or pension plan.

29. Upon information and belief, Mr. Barone was one of several City of Philadelphia employees at the Register of Wills office who Defendant Gordon terminated after they refused to or stopped contributing financially to Defendant Gordon's reelection campaign.

30. Upon information Defendant Gordon, acting under color of state law and in her capacity as the Philadelphia Register of Wills, engaged in a pattern, practice and/or custom of terminating employees who refused to contribute to her reelection campaign, including Mark Wilson, a Records Clerk for the Archives Department for the Register of Wills, who was terminated from his position on July 8, 2022, for refusing to purchase tickets to Defendant

Gordon's fundraising events and/or otherwise contribute financially to Defendant Gordon's reelection campaign.

### COUNT I
### VIOLATION OF FEDERAL CIVIL RIGHTS LAW 42 U.S.C. § 1983
### AGAINST DEFENDANT TRACEY GORDON, INDIVIDUALLY

31. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

32. At all times relevant, Defendant Tracey Gordon was acting under the color of state law in her capacity as the Philadelphia Register of Wills, an elected public office.

33. At all times relevant, Plaintiff was employed as Records Clerks with the Office of the Philadelphia Register of Wills, a public municipal entity.

34. Plaintiff's position as a Records Clerk with the Register of Wills exclusively involved the performance of administrative functions and as such did not require political affiliation.

35. Plaintiff declined to make financial contributions to Defendant Gordon's political campaign for reelection in response to repeated requests that he do so from Defendant Gordon herself and/or from other Register of Wills employees acting at the request of Defendant Gordon.

36. Plaintiff's decision not to financially contribute to his public employer's campaign for reelection is constitutionally protected conduct pursuant to their right to freedom of expression and association under the First Amendment of the United States Constitution.

37. Plaintiff's decision not to financially contribute to his public employer's campaign for reelection was a substantial and/or motivating factor in Defendant Gordon's decision to terminate Plaintiff's employment with the Register of Wills.

38. Defendant Gordon would not have terminated Plaintiff's employment in the absence of his decision not to financially contribute to Defendant Gordon's reelection campaign; in fact, Plaintiff was an exemplary employee who received consistently positive performance reviews leading up to his termination.

39. Defendant Gordon's conduct in terminating Plaintiff because of his decision not to contribute to her reelection campaign, acting under the color of state law, deprived Plaintiff of his First Amendment right to exercise freedom of expression and political association by choosing not to make financial contributions to Defendant's political campaign without fear of being terminated from his employment with a public entity.

40. Plaintiff's First Amendment right to free expression and political association was clearly established at all times relevant hereto, up to and including the point in time at which Defendant Gordon terminated Plaintiff's employment in violation of his constitutional rights. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 355-56 (1976) ("The threat of dismissal for failure to provide [political] support unquestionably inhibits protected belief and association, and dismissal for failure to provide support only penalizes its exercise."); *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 273 (3d Cir. 2007) ("[T]he First Amendment protects an employee's failure to engage in any political activity whatsoever."); *Assaf v. Fields*, 178 F.3d 170, 174 (3d Cir. 1999); *Cullen v. New York State Civ. Serv. Comm'n*, 435 F. Supp. 546, 552 (E.D.N.Y. 1977) ("[D]enial of employment or promotion may not be conditioned on the making of a financial contribution to a political party. To do so is a severe and intolerable infringement of the right of association.").

41. Defendant Gordon knew and/or should have known that Plaintiff's right to free expression and political association was clearly established at all times relevant, and knew and/or should have known at all times relevant that her conduct violated that right.

42. Defendant Tracey Gordon acted maliciously and/or wantonly in violating Plaintiff's federally protected rights in ways including, but not limited to, the following:

   a. Defendant's conscious desire to violate Plaintiff's First Amendment rights, of which Defendant was aware at all times relevant hereto;

   b. Defendant's conscious desire to injure Plaintiff by terminating his employment in a manner Defendant knew to be unlawful in violation of their First Amendment rights; and/or

   c. Defendant's reckless and/or callous disregard for Plaintiff's First Amendment right to exercise freedom of expression and political association by choosing not to make financial contributions to Defendant's political campaign without fear of being terminated from their employment with a public entity.

43. Plaintiff seeks punitive damages for Defendant Gordon's malicious and/or wanton violation of Plaintiff's federally protected rights.

44. As a direct and proximate result of the actions taken by Defendant Gordon under the color of state law, Plaintiff suffered the deprivation of his constitutional rights, emotional distress, mental anguish, damage to reputation, embarrassment, humiliation, and financial losses, including but not limited to lost wages.

**COUNT II**
**VIOLATION OF FEDERAL CIVIL RIGHTS LAW 42 U.S.C. § 1983**
**AGAINST DEFENDANT CITY OF PHILADELPHIA (*MONELL* CLAIM)**

45. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

46. Defendant City of Philadelphia had a practice of terminating Register of Wills employees, including Nicholas Barone and Mark Wilson, for refusing to contribute financially to Defendant Gordon's reelection campaign in violation of their First Amendment rights to free expression and political association.

47. Defendant City of Philadelphia's practice of terminating Register of Wills employees for refusing to contribute financially to Defendant Gordon's reelection campaign was so widespread and well-settled that the Defendant City of Philadelphia's policymaking officials, including but not limited to Defendant Gordon, knew and/or should have known of it.

48. Defendant City of Philadelphia's practice of terminating Register of Wills employees for refusing to contribute financially to Defendant Gordon's reelection campaign was so widespread and well-settled as to have the force of law constituting an official custom, policy and/or standard operating procedure of the City of Philadelphia.

49. Defendant City of Philadelphia's terminations of Register of Wills employees for refusing to contribute financially to Defendant Gordon's reelection campaign also constitute an official custom, policy and/or standard operating procedure of Defendant City of Philadelphia because said terminations are deliberately authorized and/or directed by Defendant Gordon, who has final policymaking authority with respect to, among other things, the hiring, firing and retention of City of Philadelphia employees working at the office of the Register of Wills.

50. Defendant City of Philadelphia's official custom caused the deprivation of Plaintiff's First Amendment right to exercise freedom of expression and political association when he was terminated from his position with the Register of Wills because of his refusal to contribute financially.

51. As a direct and proximate result of the Defendant City of Philadelphia's official custom of terminating Register of Wills employees for refusing to contribute financially to Defendant Gordon's reelection campaign, Plaintiff suffered the deprivation of his constitutional rights, emotional distress, mental anguish, damage to reputation, embarrassment, humiliation, and financial losses, including but not limited to lost wages.

## COUNT III
## WRONGFUL DISCHARGE AGAINST ALL DEFENDANTS

52. Plaintiff incorporates the allegations of the preceding paragraphs as if set forth fully herein.

53. Defendants terminated Plaintiff from his employment with the Archives Department for the Philadelphia Register of Wills because he declined to make financial contributions to Defendant Gordon's reelection campaign.

54. Defendants had no plausible legitimate reason for terminating Plaintiff's employment, as the Plaintiff was given no explanation for the termination of his employment and received no notices or warnings of dissatisfactory job performance as a Records Clerk for the Register of Wills.

55. In soliciting financial campaign contributions by way of threat of action and/or use of action to terminate Plaintiff's employment with a public entity, Defendants violated Plaintiff's clearly established constitutional rights as set forth by the First Amendment of the United States Constitution.

56. Defendants' conduct in depriving Plaintiff of his constitutional rights in their capacity as a governing body, public employer and/or elected official, constitutes a blatant violation of a clear public policy mandate.

57. Defendants' termination of Plaintiff's employment in violation of a clear public policy mandate constitutes a wrongful discharge of Plaintiff's employment.

58. Defendants acted with willful misconduct in wrongfully discharging Plaintiff's employment.

59. As a direct and proximate result of Defendants' wrongful discharge of the Plaintiff's employment, Plaintiff has suffered emotional distress, mental anguish, damage to

reputation, embarrassment, humiliation, and financial losses, including but not limited to lost wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nicholas Barone, demands judgment against the Defendants Tracey Gordon and the City of Philadelphia for the violation of Plaintiff's constitutional rights under the First Amendment of the United States Constitution; for compensatory damages for emotional distress; mental anguish; damage to reputation; embarrassment; humiliation; past lost earnings; punitive damages; attorneys' fees pursuant to 42 U.S.C. § 1988, and as otherwise allowed by law; costs of suit as provided by law in excess of $75,000.00; and such other and further relief as is reasonable and just.

Respectfully submitted,

*/s/ James P. Goslee*
**COHEN, PLACITELLA & ROTH, P.C.**
**James P. Goslee, Esquire**
Identification No.: 203043
jgoslee@cprlaw.com
Two Commerce Square
2001 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 567-3500

**SAVAGE LAW, LLC**
**Daniel J. Savage, Esquire**
Identification No. 329538
dsavage@savage-law.com
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 310-0510

*Counsel for Plaintiff, Nicholas Barone*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

                                                   */s/ James P. Goslee*
**COHEN, PLACITELLA & ROTH, P.C.**
**James P. Goslee, Esquire**
Identification No.: 203043
jgoslee@cprlaw.com
Two Commerce Square
2001 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 567-3500

**SAVAGE LAW, LLC**
**Daniel J. Savage, Esquire**
Identification No. 329538
dsavage@savage-law.com
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 310-0510

*Counsel for Plaintiff, Nicholas Barone*