# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BARONE, | CIVIL ACTION |
| Plaintiff, | No. 23-2821 |
| vs. | |
| TRACEY L. GORDON, *individually*, and CITY OF PHILADELPHIA, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff, Nicholas Barone ("Plaintiff" or "Mr. Barone"), by and through its undersigned counsel, hereby makes the following Responses and Objections to Defendants' First Set of Interrogatories. Plaintiff incorporates herein the Preliminary Statement and General Objections to Definitions and Interrogatories, set forth in Appendix "A" hereto.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

1. State the name and address of each and every employers for whom you've worked from 2013 to the present. For each employer, state the dates for which you worked for the employer, your title(s) and/or position(s), and your annual salary and/or hourly pay rate at each location.

   **RESPONSE**:

   **Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving of the foregoing objection, Plaintiff responds as follows:**

   June 2022 – Present
   Auto Processor - Penn Auto

**January 2019 – January 2022**
**Records Clerk - City of Philadelphia, Register of Wills Office**

**October 2017 – March 2018**
**Perioperative Assistant - Riverview Surgical Center**

**2014 – 2017**
**Busboy, Food Runner, Bartender - Brick American Eatery**

**Summer 2016, 2017, 2018**
**Pool Maintenance Attendant - City of Philadelphia**

2. Please identify by name, address, and area of specialization each and every health care provider who has treated, examined, and/or consulted with you with respect to any mental, psychological, or emotional condition from 2013 to the present.

**RESPONSE**:

**Plaintiff objects to this Interrogatory on the basis that it requests private and confidential information that cannot lead to any evidence relevant to any issue presented in this matter.**

3. Please describe your educational and military background (if applicable). In particular, identify all branches of service, dates of enlistment, schools/institutions attended, the location of the schools, years attended, and what degree if any you obtained from each.

**RESPONSE**:

**Plaintiff holds a high school diploma from Saints Neumann Goretti High School which is located at 1736 South 10th Street, Philadelphia PA 19148. Plaintiff attended Neumann Goretti from 2009 to 2013.**

4. Please identify all persons from whom you or your representative have taken formal or informal statements (such as oral statements) concerning this case, including the name, address and telephone number of each such person and the date(s) on which statements were taken.

**RESPONSE**:

**Plaintiff objects to this Interrogatory as it is overly broad, and otherwise vague and non-specific, as well as unduly burdensome. Plaintiff further objects to this Interrogatory**

to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine. As discovery is ongoing, Plaintiff reserves the right to supplement this response.

5. If you have had any communications with any current or former employee of Defendants (excluding any communication covered by attorney-client privilege) concerning any of the facts underlying your Complaint (including but not limited to allegations of discrimination and/or pressure to make campaign contributions), please describe in detail the substance of each such communication, identify the method of the communication, identify the person(s) who participated in the communication, identify all persons who witnessed the communication, and identify the place and time when the communication was made.

RESPONSE:

Plaintiff objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine. Subject to and without waiving the foregoing objection, Plaintiff answers as follows:

Rasheen Crews, former employee of the Register of Wills spoke with Plaintiff, in person, on May 17, 2022 at Barry Playground, 1800 Bigler Street, Philadelphia PA 19145. Plaintiff asked Mr. Crews if the reason he got fired was because he did not give money to Defendant Gordon's Political Action Committee ("PAC"). Mr. Crews nodded his head to indicate an affirmative answer.

Patrick Parkinson, former employee of the Register of Wills spoke with Plaintiff, via cell phone, about his wrongful termination in June of 2022. Mr. Parkinson told Mr. Barone he was fired because he did not contribute to Defendant Gordon's PAC. Mr. Parkinson recommended that Plaintiff hire an attorney.

6. Identify the individual, time, date, and substance of any and all conversations, reports, and/or complaints you made to any employee, agent, or representative of Defendants, specifically regarding the allegations contained in your Complaint.

**RESPONSE:**

**All responsive individuals and the information they possess were identified in Plaintiff's Initial Disclosures and Plaintiff's Complaint. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

7. State the names of all employers with whom you have applied for work since your termination from the Office of the Register of Wills, including the dates on which you submitted employment applications, and whether you obtained employment with each employer identified.

**RESPONSE:**

**During Plaintiff's unemployment he maintained a resume on Indeed.com. In May of 2022, Plaintiff applied for a job as an Auto Processor at Penn Auto. He interviewed for the job on June 14, 2022; received an offer letter on June 16, 2022; and started his position with Penn Auto as an Auto Processor on June 28, 2022.**

8. Identify and describe in complete detail any incidents where an individual contacted you, either directly or indirectly and solicited, requested, asked for or discussed making campaign contributions and/or fundraising donations to Defendant Tracey Gordon, her campaign or any organization or PAC that supported Tracey Gordon's candidacy. Please list the name of the individual that made the request and the date and time when the request was made.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that Defendants are in possession, custody, and control of this information relevant to answering this Interrogatory. To date, Defendants have failed to produce such information despite Plaintiff's requests. Subject to and without waiving the foregoing objection, see Plaintiff's First Amended Complaint. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

9. Identify and describe in complete detail any incidents where Tracey Gordon contacted you, either directly or indirectly and solicited, requested or discussed making campaign contributions and/or fundraising donations to her campaign or any organization or PAC that supported her candidacy. Please list the date and time when the request was made.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that Defendants are in possession, custody, and control of this information relevant to answering this Interrogatory. To date, Defendants have failed to produce such information despite Plaintiff's requests. Subject to and without waiving the foregoing objection, see Plaintiff's First Amended Complaint. As discovery is ongoing, Plaintiff reserves the right to supplement this response.**

10. Identify and describe in complete detail all civil, family, criminal, and/or administrative action(s) in which you have been a party, and/or deposed, and any claim or charge of discrimination made by you against any employer, whether internally, to a state, local, or federal commission, or in a state or federal court.

**RESPONSE:**

**Plaintiff objects to this Interrogatory on the grounds that: (i) it seeks information beyond the temporal scope of the instant matter and therefore is overly broad and unduly burdensome; and (ii) it is not reasonably limited in scope to the parties, claims, or defenses at issue in the instant matter and is therefore overly broad, unduly burdensome, and not proportional to the needs of the case.**

**Subject to and without waiving the foregoing objections, beyond the instant litigation, Plaintiff has not been involved in any civil, family, criminal, and/or administrative action(s). Furthermore, beyond this instant matter, Plaintiff has not made any claim of discrimination against any employer.**

11. Identify and describe in complete detail any/all individuals that may have witnessed the interaction as alleged in Paragraph 18 of your Complaint where you alleged that Tracey Gordon "notified all Register of Wills employees of a solicitation for financial contributions…"

**RESPONSE:**

**Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, Plaintiff responds as follows. The following persons witnessed the interaction as alleged in Paragraph 18 of Plaintiff's First Amended Complaint:**

1. **Thomas Campion,**
2. **Mark Wilson,**
3. **Christopher Guest, and**
4. **Patrick Parkinson.**

12. Identify each and every person who assisted you in drafting responses to these interrogatories.

**RESPONSE:**

**Plaintiff objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objection, Daniel J. Savage was the primary person who assisted in drafting these Interrogatories.**

13. Identify each witness (fact and expert) you intend to call at trial.

**RESPONSE:**

**Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome and otherwise vague and non-specific. Moreover, Plaintiff objects to this request as it is premature since the discovery period is still ongoing and Plaintiff continues to identify potential witnesses. Furthermore, Plaintiff has not yet determined who, if anyone, he will**

use as an expert witness at trial. As discovery is ongoing, Plaintiff reserves the right to supplement this response within the time required by the Court's Scheduling Order.

14. Describe in complete detail any any communication, that you may have had with Thomas Companion and/or Mark Wilson regarding the allegations complained of in your Complaint, including, but not limited to the allegations contained in paragraphs 20, 21, 22, 23, and 24 of your Complaint.

**RESPONSE:**

**Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, when Plaintiff was employed at the Register of Wills with the City of Philadelphia multiple conversations between Plaintiff and Thomas Campion and Mark Wilson took place at different times concerning the allegations contained in paragraphs 20, 21, 22, 23 and 24. By way of further response, see Plaintiff's First Amended Complaint.**

15. If you contend that you sustained non-economic damages (e.g., emotional distress, physical or emotional injury, etc.) as a result of Defendants' alleged actions or omissions, identify every health care provider that treated and/or examined you in connection with your alleged non-economic damages.

**RESPONSE:**

**Plaintiff suffered only the pain and suffering normally attendant to being involuntarily and unjustly terminated from one's employment.**

16. Identify any and all social media networks (Facebook, Instagram, Twitter) for which you have an account, including your account username(s) and password for each identified account.

**RESPONSE:**

**Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Furthermore, Plaintiff objects on the basis that this request involves private and**

confidential information that cannot lead to any evidence relevant to any issue presented in this matter. Subject to and without waiving the foregoing objections, Plaintiff has an Instagram Account with a profile name of nbarone13.

>
> Respectfully submitted,
>
> */s/ Daniel J. Savage*
> **SAVAGE LAW, LLC**
> **Daniel J. Savage, Esquire**
> Identification No. 329538
> dsavage@savage-law.com
> 925 Harvest Drive, Suite 300
> Blue Bell, PA 19422
> (215) 310-0510
>
> **COHEN, PLACITELLA & ROTH, P.C.**
> **James P. Goslee, Esquire**
> Identification No.: 203043
> jgoslee@cprlaw.com
> Two Commerce Square
> 2001 Market Street
> Suite 2900
> Philadelphia, PA 19103
> (215) 567-3500
>
> *Counsel for Plaintiff, Nicholas Barone*

# APPENDIX A

## Preliminary Statement

a. All responses are made without in any way waiving or intending to waive, and to the contrary, intending to preserve and preserving:

1) The right at any time to revise, correct, supplement, clarify, or amend these responses and objections;

2) The right to object on any ground at any time to a demand for further information, further production and/or other discovery proceedings involving or relating to the subject matter of any of the individual requests;

3) The right to object on any ground to the use and/or admissibility of this response (or any part thereof) at any trial, hearing or other proceeding in this or any other action; and

4) The attorney-client, work-product and expert privileges and, accordingly, any subsequent response or production shall not constitute a waiver of said privileges.

b. Any privileged information or document inadvertently produced or disclosed by Plaintiff is not to be deemed as a waiver of privilege with respect to that or any other document or disclosure.

c. Plaintiff reserves the right to demand the prompt return and/or destruction of any document later discovered to have been inadvertently produced.

d. Nothing in Plaintiff's Responses and Objections should be deemed an admission of any allegation in the Complaint or of any liability in this litigation. Except for the facts expressly admitted herein, if any, no implied admissions are intended by these Responses and Objections.

e. Plaintiff's investigation in this matter is ongoing, and Plaintiff's Responses and Objections are made to the best of his present knowledge, information, and belief. Plaintiff has not completed his investigation of the facts and circumstances related to this matter, has not completed discovery, and has not completed preparation for trial. Accordingly, Plaintiff reserves the right to amend and/or supplement these Responses and Objections as additional information becomes available, as appropriate under the applicable law and the Federal Rules of Civil Procedure.

**General Objections to Definitions and Interrogatories**

The following objections apply to the Interrogatories generally and specifically to each interrogatory:

1. Plaintiff objects to the "Definitions" section of the Interrogatories and to the Interrogatories to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules and/or governing case law.

2. Plaintiff objects to the "Definitions" section of the Interrogatories, and all terminology contained therein or as used in the Interrogatories (whether defined or undefined), to the extent that such terms and phrases make legal or factual assumptions, are vague and ambiguous, or are otherwise unintelligible, and particularly to the extent such terms and phrases impose obligations on Plaintiff beyond what is required by applicable law and the Federal Rules of Civil Procedure.

3. Plaintiff objects to each definition and interrogatory seeking documents or things in the possession, custody or control of any person or entity other than Plaintiff.

4. Plaintiff objects to the Interrogatories and each Interrogatory to the extent that it seeks information and/or documents that are not relevant to any party's claim or defense, beyond the scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

5. Plaintiff objects to each definition, the Interrogatories and each Interrogatory to the extent that they call for the disclosure of any information, document, or communication that is privileged, was prepared in anticipation of litigation or for trial, and/or otherwise constitutes attorney work product, is protected by the attorney-client privilege, or is otherwise immune from discovery. Inadvertent identification or production of any such document or communication shall not constitute a waiver of any privilege or protection with respect to the subject matter

thereof or the information contained therein, and shall not waive Plaintiff's right to object to the use of any such document or communication (or the information contained therein) during this or any subsequent proceeding.

6.     Plaintiff objects to these Interrogatories to the extent that they call for the identification or disclosure of the contents of any document or communication containing confidential or personally identifying private or financial information of any person or entity. Plaintiff expressly asserts and preserves all objections based on the privacy interests of such persons or entities as existing under applicable law. Plaintiff will produce such information subject to a stipulated protective order to be agreed upon by counsel.