**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS BARONE**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: 2:23-cv-02821 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **TRACEY L. GORDON**, et al., | : | |
| Defendants | : | |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37**

Pursuant to the Federal Rule of Civil Procedure, Plaintiff, Nicholas Barone, by and through his undersigned counsel, hereby submits this Motion for Sanctions Pursuant to Fed.R.Civ.P. 37. For the reasons identified in the accompanying Memorandum of Law, Plaintiff's Motion should be granted, and the following sanctions should be issued against Defendants:

1. Defendants are prohibited from opposing claims for or supporting defenses against Plaintiff's damages for loss of employment, wages, salary, employment benefits, pension rights, raises, earnings and earnings potential pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii);

2. Defendants are prohibited from introducing evidence related to Plaintiff's damages for loss of employment, wages, salary, employment benefits, pension rights, raises, earnings and earnings potential at trial pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii);

3. Defendants' Answer to Plaintiff's Amended Complaint is Stricken with regard to paragraphs 40, 56, 64, and 75 pursuant to Fed.R.Civ.P. 37(b)(2)(A)(iii);

4. Defendants are precluded from calling Janine LaBletta as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1);

5. Defendants are precluded from calling Shamika Taliaferro as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1);

6. Defendants are precluded from calling Anu Patel, FSA EA MAA as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1);

1

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order in the proposed form issuing sanctions against Defendants pursuant to Fed.R.Civ.P. 37.

                                                                                Respectfully submitted,

By: _/s/ Matt Capacete_____
**COHEN, PLACITELLA & ROTH, P.C.**
James P. Goslee, Esquire (ID: 203043)
jgoslee@cprlaw.com
Matthew A. Capacete, Esquire (ID: 330982)
mcapacete@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
215-567-3500
215-567-6019 (fax)
*Attorneys for Plaintiff*

Dated: July 18, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS BARONE**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: 2:23-cv-02821 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **TRACEY L. GORDON**, et al., | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case involves Plaintiff's wrongful termination from his employment as a records clerk for the Register of Wills at the Defendant City of Philadelphia on January 7, 2022 after he failed to monetarily contribute to Defendant Tracey L. Gordon, the then-Register of Wills' reelection campaign. As a result of his wrongful termination, Plaintiff claims economic damages including but not limited to lost wages, pension benefits, retirement benefits, and other benefits exclusively available to employees of the City of Philadelphia. On July 25, 2023, Plaintiff initiated the immediate action by filing of a Complaint. (ECF Doc. No. 1). Thereafter, on December 6, 2023, Plaintiff filed an Amended Complaint. (ECF Doc. No. 18).

On July 29, 2024, the parties submitted a Joint Status Report Pursuant to Rule 26(f) detailing the parties' agreed upon terms for discovery and expert reports. (ECF Doc. No. 30). In their Joint Status Report, the parties agreed that discovery would be complete within 90 days and that "Plaintiff anticipates the use of an expert economist to calculate the issue of wage loss. **Defendants do not** but both sides reserve the right to use an expert and supplement the response to this." *Id*. at p. 2 (emphasis added) After the Joint Status Report, this Honorable Court issued a Case Management Order on July 30, 2024. (ECF Doc. No. 31). The Case Management Order established deadlines as follows:

1

    1.    All fact discovery shall be completed by **December 2, 2024**.

    2.    Opening expert reports are due no later than **January 6, 2025**.

    3.    Responsive expert reports are due no later than **February 6, 2025**.

    4.    Expert discovery shall be completed no later than **March 6, 2025**.

    5.    Dispositive and Daubert motions are due no later than **April 7, 2025**.

    6.    All other deadlines will be set following the resolution of dispositive motions.

On October 27, 2023, Plaintiff provided Defendants with his Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A), in which Plaintiff identified twelve (12) individuals with knowledge relevant to this matter, along with descriptions of the expected subjects of their known information. *See* Plaintiff's Initial Disclosures attached hereto as Exhibit "A."

On December 7, 2023, Plaintiff propounded his First Requests for Production of Documents Addressed to Each Defendant ("Plaintiff's RFPs") in accordance with the Federal Rules of Civil Procedure.[1] (ECF Doc. No. 34-1 at pp. 2-3). Plaintiff's RFPs requested, *inter alia*:

    (1)    A copy of each and every personnel and payroll file (as well as any other files) maintained by the Defendants regarding Plaintiff, together with any documents in your possession or control relating to Plaintiff's performance, at any time, including but not limited to:

        (a)    performance reviews or evaluations;

        (b)    any recommendations, thank-you notes or letters, laudatory memoranda or other documents (including correspondence or other documents received from any person or entity not employed by the City of Philadelphia Register of Wills) reflecting favorably on plaintiff's performance during his employment with the Register of Wills; and

        (c)    any memoranda, minutes, notes or other documents (including correspondence or other documents received from any person or entity not employed by the City of Philadelphia Register of Wills)

---

[1] The CMO was issued in July 2024 after ruling upon Defendants' Motion to Dismiss. During the pendency of that Motion to Dismiss, the Requests for Production discussed herein were exchanged.

                                                  reflecting unfavorably on any aspect of plaintiff's performance during his employment with the Register of Wills.

    (2)    All booklets, plans or any other materials relating to benefits, including health, pension and retirement benefits, made available to employees during which Plaintiff was employed and to the present if any benefits have changed since the Plaintiff's last date of employment.

*Id*.

On December 11, 2023, Defendants provided Plaintiff with their Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A), in which Defendants identified six (6) individuals. *See* Defendants' Initial Disclosures attached hereto as Exhibit "B." Of the six (6) individuals identified by Defendants, one was Plaintiff, and another was Defendant Tracey L. Gordon. The remaining four (4) individuals were former employees of the Register of Wills Office who had already been disclosed by Plaintiff in his Initial Disclosures. Thereafter, on January 10, 2024, Defendants produced their responses and in response to Plaintiff's RFP No. 1 stated, "Defendants refer Plaintiff to Bates Stamped DEFENSE00001-00039." (ECF Doc. No. 34-1 at p. 2-3).

During the depositions of Charmaine Collins and Sharif Roseboro, the two individuals who served as Human Resources Director under Defendant Tracey L. Gordon's administration, each testified to the existence of additional materials related to Plaintiff's employment that Defendant the City of Philadelphia possessed. After the deposition of Charmaine Collins on November 13, 2024, Plaintiff's counsel emailed Defendants' counsel requesting these materials and others. (ECF Doc. No. 34-1 at p. 9) Defendants' counsel responded stating "This request has been relayed to Shariff Roseboro on 11/13, I will provide any sheets that are produced." *Id.* At the deposition of Sharif Roseboro on November 22, 2024, Plaintiff's counsel again inquired about these materials on the record and was assured they would be produced.

To date, these materials have not been produced, nor have Defendants' responses to Plaintiff's RFPs been appropriately supplemented.

3

In response to Plaintiff's RFP No. 2, which sought Plaintiff's pension, retirement, payroll, and other related documentation of Plaintiff's compensation, Defendants responded: "Defendants respond that discovery and investigation is ongoing and Defendants will produce all relevant information regarding benefits. Defendants reserve the right to supplement this response as appropriate and where relevant." (ECF Doc. No. 34-1). This response was never supplemented, and Plaintiff never received any information or documents related to his pension plan, retirement benefits, or any other compensatory benefits from his employment by Defendants.

After the deposition of Charmaine Collins, Plaintiff's counsel inquired about the outstanding pension, retirement, and benefits documents referenced in Plaintiff's RFPs and was told by Defendants' counsel that the Philadelphia Board of Pensions and Retirement was a separate entity over which their client and their law firm had no control and that Plaintiff would have to subpoena these documents. On December 2, 2024, per Defendants' counsel's instruction, Plaintiff served via email a subpoena to the Philadelphia Board of Pensions and Retirement, for "Any and all documents in your possession regarding former employee Nicholas Barone, DOB 1/13/1994." Plaintiff's counsel copied Defendants' counsel on the email serving the subpoena upon the Board of Pensions and Retirement. In response to Plaintiff's subpoena, Defendants' counsel objected, stating: "The City of Philadelphia is a party. You cannot serve a subpoena on a party. The proper method is to serve a RFP within the discovery deadline. We will oppose this untimely subpoena." (ECF Doc. No. 34-1 at p. 17). Plaintiff's counsel responded:

> "When I discussed this with Jahlee at Charmaine Collins' deposition, he told me that the Board of Pensions was a different entity that I would have to subpoena. That is why we are subpoenaing these documents. If you are saying that this falls within your client's purview, then you failed to produce it in response to our requests for production and interrogatories (see below). If that is the case, please let us know today whether you will produce these files. Otherwise, I will file a motion to compel this afternoon."

*Id.* at p. 16. Defendants' counsel then responded:

4

> Matt: File away. Discovery is over. If you believed that you were owed something, then you should have filed when discovery was open.
>
> I asked the City to provide me with your client's pension information after receiving the demand from Jamie, as I was interested in figuring out how an employee who worked for 3 years with the City, separated making about 40K, who obtained employment making similar money shortly after separation could possibly justify the "7 figures" that Verzilli will apparently include in his report.
>
> Barone currently has $4K paid into the system. They are running numbers to determine what his pension would be worth at various points, assuming Plaintiff remained employed by the City. He would have had to remain with the City for 10 years to become vested.
>
> I will share that information when received, as it will be relevant to both sides.
>
> JPG

*Id*. at 15.

Plaintiff's counsel reminded Defendant's counsel that the discovery end deadline is, in fact, December 2, 2024, and of the duties set forth by Rule 26(e)(1)(A) and expressed concern that Defendants' counsel had obtained these important documents and never produced them despite the written requests, verbal follow ups, and misrepresentations that Plaintiff would have to subpoena them. *Id*. at 14.

On December 2, 2024, Plaintiff filed a Motion to Compel Production of Documents, which sought this Court's assistance in compelling Defendants to produce documents requested in December 2023, which Defendants had continuously failed to produce. (ECF Doc. No. 34) Plaintiff's Motion specifically sought documents related to Plaintiff's pension, retirement, payroll, and other related compensation, as well as "All payroll records for Plaintiff during the period from January 3, 2019, through January 7, 2022." (ECF Doc. Nos. 34, 34-1).

On December 5, 2024, in response to Plaintiff's Motion, Defendants informed this Court that "all relevant documentation has been provided to Plaintiff and will be supplemented to the extent that it exists beyond the discovery deadline." (ECF Doc. No. 37). Defendants further represented to the Court that "Plaintiff as a former employee and the recipient of any pension contributions has the ability to contact the Board of Pensions to inquire about any pension

5

contributions. Therefore, the information is equally available to Plaintiff." *Id*. at ¶ 14. This representation to the Court, that Plaintiff could "contact the Board of Pensions" and that "the information is equally available to Plaintiff" is patently false and has been repeatedly contradicted by Defendants' counsel. Indeed, the confusion generated by Defendants' counsel's inconsistent position on these materials is indicative of the gamesmanship that has been played with regard to these critical documents, and the reason for this Motion for Sanction.

Nevertheless, with the representation that the materials would be supplemented to Plaintiff, Plaintiff awaited the production of such documents. That never happened. Instead, on February 10, 2025, more than two (2) months after the close of discovery and Plaintiff's Motion to Compel, and four (4) days after the deadline for Defendants' expert reports, Defendants submitted a "correspondence to serve as supplemental Rule 26 Disclosures on behalf of the Defendants…" *See* Defendants' 2/10/25 letter attached hereto as Exhibit "C;" *see also* this Honorable Court's Case Management Order at ECF Doc. No. 31. This letter did not include any of the documents repeatedly requested by Plaintiffs, nor even expert reports. Rather, the letter listed three (3) new witnesses "with relevant information who may testify at the time of trial," identified as:

    a. Janine LaBletta, Deputy Director of Office Human Resources – will testify concerning the City of Philadelphia's civil service regulations, including pay plans for job titles, how the City determines longevity, how bonuses are calculated, as well as other factors that may determine the salary of employees within the Register of Wills Office, including the plaintiff.

    b. Shamika Taliaferro, Deputy Director of Pensions – will testify about plaintiff's specific pension plan, including when employees vest under the plan and how final compensation is calculated.

    c. Anu Patel, FSA EA MAA, Principal Consulting Actuary of Cheiron – will testify concerning the calculation and value of plaintiff's pension benefits, including life expectancy.

*Id*.

As is clear from these untimely and prejudicial "supplemental disclosures," there are numerous documents that Defendants' has identified that have never been turned over, including information about "the City of Philadelphia's civil service regulations, including pay plans for job titles, how the City determines longevity, how bonuses are calculated, as well as other factors that may determine the salary of employees within the Register of Wills Office, including the plaintiff…plaintiff's specific pension plan…the calculation and value of plaintiff's pension benefits, including life expectancy." *Id*. Despite serving Plaintiff with this letter, Defendants have still not produced a single additional document.

Moreover, it is clear from this letter that Defendants intend to present each witness as an expert witness. However, these individuals were not identified throughout discovery and were not proffered as expert witnesses in accordance with Rule 26. Similarly, Defendants did not disclose the identities of the individuals they listed in their February 10, 2025 letter in response to Plaintiff's interrogatories or in their Initial Disclosures made pursuant to Rule 26(a)(1)(A)(i)-(ii). *See* Defendants' Initial Disclosures attached hereto as Exhibit "B." Instead, Defendants "disclosed" new witnesses that were never identified in discovery despite Plaintiff's repeated requests and this Honorable Court's unambiguous Case Management Order requiring "All fact discovery shall be completed by December 2, 2024," and "Responsive [Defendants'] expert reports are due no later than February 6, 2025." (ECF Doc. 31).

On June 27, 2025, this Honorable Court entered an Order denying Plaintiff's Motion to Compel "as moot with leave to refile if the information has not been produced by **July 11, 2025**." (ECF Doc. No. 45) (emphasis in original). On June 30, 2025, Plaintiff's counsel sent Defendants' counsel a copy of the June 27, 2025 Order, stating, "We still have not received the materials from you related to Nick's pension fund and employment file that were the subject of that motion. Please

7

produce them by July 11, 2025 to avoid further motions." *See* the 6/30/25 email attached hereto as Exhibit "D." The same day, Defendants' counsel responded, "I have followed up again with the City to get this information and will provide it to you when received." *Id*.

As of this Motion, Defendants have still not produced any of the documents that have been repeatedly requested since **December 2023** and which they were ordered to produce by July 11, 2025. Similarly, Plaintiff has not received any expert reports despite the nature of the untimely and prejudicial disclosure of three (3) individuals from whom Defendants plan to elicit specialized information and opinions. Plaintiff now moves for sanctions pursuant to Rule 37 and asks that this Honorable Court preclude Defendants from presenting evidence related to Plaintiff's pension, retirement, payroll, and other related compensation matters, as well as the three (3) untimely and prejudicial expert witnesses Defendants failed to disclose pursuant to this Honorable Court's Orders.

**II.     LEGAL ARGUMENT**

    **A.     Defendants' utter failure to participate in discovery in good faith demands sanctions that prohibit them from opposing claims or supporting defenses related to Plaintiff's damages**

Under Fed. R. Civ. P. 37(a)(3), this Honorable Court has the power to compel Defendants' production of the outstanding and withheld documents set forth in this Motion. When the Court issues an Order under Rule 37 compelling the exchange of discoverable documents and information, parties are expected to comply. Furthermore, when it comes to supplementing disclosures or responses, Rule 26 also governs. Indeed, Rule 26(e)(1)(A) states:

> "A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory [or a] request for production, […] must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"

8

Fed.R.Civ.P. 26(e)(1)(A).

Rule 37(b)(2)(A) contemplates instances where a party disobeys a discovery order, such as that which is implicit in this Honorable Court's June 27, 2025 Order. The Rule states that:

> If a party […] fails to obey an order to provide or permit discovery, including an order under Rule 26(f) […] or 37(a), the court where the action is pending may issue further just orders. They may include the following: […] (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part[.]

Fed.R.Civ.P. 37(b)(2)(A)(ii)-(iii). Finally, Rule 37 dictates that:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence** on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard […] (B) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi)."

Fed.R.Civ.P. 37(c)(1) (emphasis added); *see also DCK TTEC, LLC v. Postel Indus.*, 602 Fed. Appx. 895, 897 (3d. Cir. 2015) ("When a party fails to disclose or supplement as required by Rule 26, the court has discretion to prevent it from using that information or witness at trial.").

Here, Defendants have utterly failed to uphold their discovery obligations under Rule 26, 33, 34, and 37. Not only has their gamesmanship with regard to Plaintiff's employment materials stymied Plaintiff's ability to gather critical information about his damages in this case, but it also illustrates the complete lack of candor and respect Defendants have shown both Plaintiff and this Honorable Court. Defendants have repeatedly delayed, distracted, contradicted, and misrepresented the universe of documents that exist in their custody, control, and possession in an attempt to run out the clock on Plaintiff. This was not only apparent in their nonresponses to basic discovery requests, but in their affirmative misrepresentations made to this Honorable Court.

Rather than produce the documents that Plaintiff repeatedly requested, Defendants spread disinformation as to how Plaintiff could go about obtaining this information up to and even beyond the discovery deadline. They then informed the Court that Plaintiff's Motion to Compel these materials was unnecessary because they had produced all responsive documents and would further supplement their production. This never happened. Instead, Defendants waited until the close of discovery, after Plaintiff had produced their expert reports, and after ***their*** deadline to produce expert reports to "disclose" three (3) individuals from whom they plan to elicit expert testimony. What is even more concerning about this untimely and prejudicial identification of witnesses is that their letter makes even more apparent the amount of information and documentation Defendants have and plan to have these pseudo-experts testify to and rely upon. Indeed, it is clear that Defendants possess, control, and have in their custody information and documents about "the City of Philadelphia's civil service regulations, including pay plans for job titles, how the City determines longevity, how bonuses are calculated, as well as other factors that may determine the salary of employees within the Register of Wills Office, including the plaintiff…plaintiff's specific pension plan…the calculation and value of plaintiff's pension benefits, including life expectancy." *See* Exhibit "C." None of which has been produced.

Finally, Defendants have had repeated opportunities to produce this information and these documents, up to the Court's most recent deadline of July 11, 2025, when Defendants were ordered to produce by **July 11, 2025**. (ECF Doc. No. 45) (emphasis in original). Plaintiff even reminded Defendants of this deadline on June 30, 2025, to which their counsel replied, "I have followed up again with the City to get this information and will provide it to you when received." Exhibit "D."

As of this Motion, one full week after the July 11, 2025 deadline, Defendants have not produced any other information or document that Plaintiff has been seeking since **December 2023**.

The only remedy that will prevent the continued and severe prejudice Plaintiff has endured is to preclude and prohibit Defendants from presenting or introducing evidence of these matters at trial pursuant to Rule 37(b)(2)(A)(ii). Similarly, Plaintiff respectfully requests that Defendants' Answer to the discrete and pertinent allegations of damages in Plaintiff's Amended Complaint be stricken. Specifically, Defendants' denial of Plaintiff's paragraphs 40, 56, 64, and 75 pursuant to Rule 37(b)(2)(A)(iii). Paragraph 40 avers: "As a result of the deliberate, unlawful, bad faith and malicious actions of Defendants, Plaintiff has suffered a loss of employment, wages, salary, employment benefits, pension rights, raises, earnings and earnings potential." (ECF Doc. No. 18; ECF Doc. No. 28).

Therefore, Plaintiff respectfully requests that this Honorable Court enter an Order in the proposed form ordering sanctions pursuant to Rule 37(b)(2)(A)(ii)-(iii).

### B. Defendants' untimely and prejudicial disclosure of witnesses warrants preclusion

Rule 37(c)(1) dictates that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence** on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless." Rule 37(c)(1). The Court may also pursue sanctions enumerated in Rule 37(c)(1)(A)-(C). Moreover, "[t]he mere mention of an individual's identity ... is not sufficient." *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 550 F.3d 294, 2010 WL 1931233, at *4, 2010 U.S. Dist. LEXIS 44913, at *13 (D.N.J. May 7, 2010). Rather, "the alleged disclosure must be clear and unambiguous." *Id*. (internal quotation marks and citation omitted). "If the supposed disclosure requires inferences as to the person's relevance and knowledge, the disclosure is not sufficient." *Id*. at *26-27.

Rule 26(a)(2) governs the disclosure of expert testimony, stating that a party **must** disclose the identities of expert witnesses consistent with the Court's Case Management Order and that "this disclosure **must** be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed.R.Civ.P. 26(a)(2)(B), (D) (emphasis added). While expert and lay witness disclosures vary in procedure, Rule 37 applies equally to both.

In determining whether to exclude or permit a witness's testimony, the Third Circuit has also delineated four factors to consider:

    (1)    the prejudice or surprise of the party against whom the excluded evidence would have been admitted;

    (2)    The ability of that party to cure the prejudice;

    (3)    The extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and

    (4)    Bad faith or willfulness in failing to comply with the court's order.

*Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000); *Tunis Brothers Co., Inc. v. Ford Motor Co.,* 124 F.R.D. 95, 97 (E.D.Pa. 1989) (precluding expert testimony).

Here, Defendants' failure to disclose the three (3) witnesses at issue was in no way justified or harmless. Defendants have offered no justification for any of their late submission of experts, who clearly have information and documents that pertain to the matters Plaintiff has been seeking since December 2023. These individuals are not new employees, nor were they previously unknown to Defendants. Further, Defendants failed at every turn to disclose their identities until after Plaintiff produced his expert reports and days after this Honorable Court ordered Defendants produce expert **reports**. They did not produce any expert reports and have not offered any reason

12

why these individuals should be permitted to testify. Rather, Defendants' approach to this litigation, which is discussed in Section III(B) has been one replete with gamesmanship and bad faith. This is clear when evaluating the dichotomy between that which Defendants have represented to the Court and Plaintiff, and the substance for which they proffer these individuals.

Finally, under the *Nicholas* test, each factor is met, and therefore, preclusion is warranted. First, there is significant prejudice and surprise to Plaintiff, who is the party against whom these three (3) individuals are to testify. This prejudice has been discussed at length herein and continues to prevent Plaintiff from preparing for trial. Second, this prejudice cannot be undone or cured. The subject matter to which these witnesses have been proffered is founded in documents Defendants have never produced. Similarly, the true scope of the testimony Defendants plan to elicit from these witnesses is unknown and undefined. Third, preclusion of these witnesses would not disrupt the orderly and efficient trial of the case or of other cases in the court. From the outset of this litigation, Defendants have had opportunity after opportunity to disclose these individuals and have repeatedly represented to Plaintiff and this Honorable Court that they did not intend to call expert witnesses. (ECF Doc. No. 30 at p. 2). Furthermore, with the addition of three (3) experts, the third prong is clearly met and is in fact exceeded because their *inclusion* at trial would disrupt the orderly and efficient trial. Finally, it is clear that Defendants have acted in bad faith in their concealment of these witnesses and the materials they possess until well-after the discovery deadline, Plaintiff's expert deadline, and even their own expert deadline. Their blatant disregard for the Case Management Order this Honorable Court issued at the parties' behest underscores the bad faith nature of their failure to disclose these witnesses in accordance with the Rules of Civil Procedure and the rules of this Court.

Therefore, for the reasons set forth herein, Plaintiff respectfully submits that the three (3) witnesses identified in Defendants' February 10, 2025 letter must be precluded. There is no justification for their untimely prejudicial disclosure and this prejudice is in no way "harmless" to Plaintiff. This is underscored by the satisfaction of each of the *Nicholas* factors described herein. Therefore, Plaintiff respectfully requests that this Honorable Court exercise its power to order sanctions in by precluding the prejudicial testimony of Janine LaBletta, Shamika Taliaferro, and Anu Patel, FSA EA MAA pursuant to Rule 37(c)(1).

### III. CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter an Order in the proposed form issuing sanctions against Defendants pursuant to Fed.R.Civ.P. 37.

Respectfully submitted,

By: _/s/ Matthew Capacete_
**COHEN, PLACITELLA & ROTH, P.C.**
James P. Goslee, Esquire
Matthew A. Capacete, Esquire
*Attorneys for Plaintiff*

Dated: July 18, 2025

## CERTIFICATE OF SERVICE

      I, Matthew A. Capacete, Esquire, caused a true and correct copy of the foregoing Motion for Sanctions to be served upon the following counsel *via* the Court's electronic filing system:

Respectfully submitted,

By: _____

**COHEN, PLACITELLA & ROTH, P.C.**
James P. Goslee, Esquire (ID: 203043)
jgoslee@cprlaw.com
Matthew A. Capacete, Esquire (ID: 330982)
mcapacete@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
215-567-3500
215-567-6019 (fax)
*Attorneys for Plaintiff*

Dated: July 18, 2025

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(f)**

I, Matthew A. Capacete, Esquire, hereby certify that I have attempted to resolve the issues outlined in the above motion with the Defendants without the need for interference from this Honorable Court. However, I have been unsuccessful in doing so and have been unable to obtain the requested information by this Honorable Court's Case Management Order.

Respectfully submitted,

By: _____
**COHEN, PLACITELLA & ROTH, P.C.**
James P. Goslee, Esquire (ID: 203043)
jgoslee@cprlaw.com
Matthew A. Capacete, Esquire (ID: 330982)
mcapacete@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, PA 19103
215-567-3500
215-567-6019 (fax)
*Attorneys for Plaintiff*

Dated: July 18, 2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS BARONE**, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.: 2:23-cv-02821 |
| | : | |
| **TRACEY L. GORDON**, et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## ORDER

**AND NOW**, this _____ day of _____ 2025, upon consideration of Plaintiff's Motion for Sanctions Pursuant to Fed.R.Civ.P. 37, and any response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that sanctions shall be entered against Defendants pursuant to Fed.R.Civ.P. 37 in the form of the following:

1. Defendants shall be prohibited from opposing claims for or supporting defenses against Plaintiff's damages for loss of employment, wages, salary, employment benefits, pension rights, raises, earnings and earnings potential pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii);

2. Defendants are prohibited from introducing evidence related to Plaintiff's damages for loss of employment, wages, salary, employment benefits, pension rights, raises, earnings and earnings potential at trial pursuant to Fed.R.Civ.P. 37(b)(2)(A)(ii);

3. Defendants' Answer to Plaintiff's Amended Complaint is Stricken with regard to paragraphs 40, 56, 64, and 75 pursuant to Fed.R.Civ.P. 37(b)(2)(A)(iii);

4. Defendants are precluded from calling Janine LaBletta as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1);

5. Defendants are precluded from calling Shamika Taliaferro as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1);

6. Defendants are precluded from calling Anu Patel, FSA EA MAA as a witness at trial pursuant to Fed.R.Civ.P. 37(c)(1).

**BY THE COURT**:

_____
**HON. MITCHELL S. GOLDBERG, J**