# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BARONE, | : |
| : | CIVIL ACTION |
| Plaintiff, : | No. 23-2821 |
| : | |
| vs. : | |
| : | |
| TRACEY L. GORDON, *individually*, and : | |
| CITY OF PHILADELPHIA, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S RULE 26(a) DISCLOSURES**

Plaintiff, Nicholas Barone, hereby submits the following disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. These disclosures are based on an initial inquiry and investigation, which is ongoing, and Plaintiff reserves the right to supplement these disclosures. Plaintiff objects to the disclosure of any information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges. Plaintiff additionally objects to the production of any information not discoverable under the Federal Rules of Civil Procedure, or which may otherwise be entitled to protective relief for information that may require protections for confidentiality, proprietary interests, or trade secrets. Plaintiff further reserves the right to assert any objection to the use or admissibility of the information, the witnesses and/or documents cited in these disclosures. The disclosures below are made subject to, and without waiver of, these reservations and objections.

I.      **Rule 26(a)(1)(A)(i) Initial Disclosures**

| Name and Address | Subjects of Information |
|---|---|
| Tracey L. Gordon<br>6543 Windsor Street<br>Philadelphia Pa 19142<br>267-235-0091 | The allegations in Plaintiff's Complaint, the practices and operations of the Register of Wills Office, Defendant's past practices as a City of Philadelphia employee and Defendant's political activities. |
| Keasha Trawick<br>3618 N. 16th Street, Apt. 1<br>Philadelphia PA 19140<br>267-879-5729 | The practices of the Register of Wills Office, Defendant's political activities and Ms. Trawick's duties as the treasurer of Defendant's political action committee. |
| Keith Harris a/k/a Keith Seamonia Harris<br>2426 N. 27th Street<br>Philadelphia PA 19132<br>267-882-6578 | The allegations in Plaintiff's Complaint including paragraphs 22 and 23, the practices of the Register of Wills Office, and Defendant's political activities and operations. |
| Charmaine Collins<br>1333 E. Cardeza Street<br>Philadelphia PA 19119<br>860-371-8721<br>623-931-0949 | The allegations in Plaintiff's Complaint, the practices of the Register of Wills Office, and Defendant's political activities. |
| Thomas Campion<br>613 Sherrie Road<br>Philadelphia PA 19115<br>215-300-6359 | The allegations in Plaintiff's Complaint including paragraph 19 to 24, the practices of the Register of Wills Office, and Defendant's political activities. |
| Patrick Parkinson<br>9234 Woodenbridge Road<br>Philadelphia PA 19114<br>267-773-3251 | The allegations in Plaintiff's Complaint including paragraphs 14 and 16, the practices of the Register of Wills Office, and Defendant's political activities. |
| Mark Wilson<br>2920 W. Wishart Street<br>Philadelphia PA 19132<br>267-237-4417 | The allegations in Plaintiff's Complaint including paragraph 30 and 46, the practices of the Register of Wills Office, and Defendant's political activities. |

| | |
|---|---|
| Malik L. Boyd<br>601 East Hortter Place<br>Philadelphia PA 19119 | The practices of the Register of Wills Office and Defendant's political activities. |
| Rasheen Crews<br>1412 S. 51st Street<br>Philadelphia PA 19143<br>267-650-6028 | The allegations in Plaintiff's Complaint, the practices of the Register of Wills Office, and Defendant's political activities. |
| Alexander F. DeSantis, Inspector General<br>Office of the Inspector General (OIG)<br>601 Walnut Street<br>Suite 300 East<br>Philadelphia PA 19106<br>215-686-1770 | OIG complaints and investigations related to Tracey L. Gordon and the City of Philadelphia Register of Wills Office. |
| J. Shane Creamer, Jr., Executive Director<br>Philadelphia Board of Ethics<br>1515 Arch Street, 18th Floor<br>Philadelphia PA 19102<br>215-686-9450 | Investigations and proceedings relating to Tracey L. Gordon. |
| Al Schmidt, Secretary of the Commonwealth<br>Office of the Secretary<br>302 North Office Building<br>401 North Street<br>Harrisburg, PA 17120 | Campaign finance reports and the political committee registration for the Friends of Tracey L. Gordon (a/k/a Friends of Tracey Gordon) as well as any and all investigations relating to Tracey L. Gordon. |

II.     Rule 26(a)(1)(A)(ii) Initial Disclosures

| Category/Subject of Documents | Location of Documents |
|---|---|
| Plaintiff's January 7, 2022, Termination Letter | Exhibit 1 of Plaintiff's Complaint. |
| January 7, 2022, e-mail from Charmaine Collins to Plaintiff | In Plaintiff's possession. |

| | |
|---|---|
| 2012 Settlement Agreement between the Board of Ethics of the City of Philadelphia and Tracey Gordon. | Accessible on the Internet |
| Transcript of the Hearing at the City of Philadelphia Board of Ethics Conference Room on Tuesday, August 4, 2015 involving ethical violations made by Tracey Gordon. The violations included Ms. Gordon soliciting gratuities and accepting a gratuity as well as obstructing a Board of Ethics investigation. | Accessible on the Internet. |
| Philadelphia Board of Ethics Final Determination and Order in Administrative Adjudication Matter #1412MU14 concerning Tracey Gordon. Ms. Gordon was found to have solicited gratuities and accepted a gratuity as a City of Philadelphia employee. Ms. Gordon was also found to have obstructed a Board of Ethics investigation "threatening and influencing a potential complainant/witness, and destroying evidence." | Accessible on the Internet. |
| Plaintiff's tax returns from 2018 to 2022. | In Plaintiff's possession. |
| Plaintiff's August 2023 earnings statements. | In Plaintiff's possession. |
| March 30, 2022 text message from Kevin Price and Tracey Gordon to Patrick Parkinson. | Exhibit A of Plaintiff, Patrick Parkinson's Complaint (*Patrick Parkinson v. Tracey L. Gordon, individually and as Register of Wills of Philadelphia, and City of Philadelphia,* Case No. 2:23-cv-04004) |

### III.     Rule 26(a)(1)(A)(iii) Initial Disclosures

Plaintiff is making claims for compensatory and punitive damages.

Plaintiff is claiming damages for lost earnings (back pay and front pay). After being terminated on January 7, 2022, Plaintiff remained unemployed while he searched for and applied for new jobs for almost six months. On June 28, 2022, Plaintiff accepted an hourly-pay position with no health benefits or pension plan. Plaintiff will be providing a lost earnings computation by experts.

Prior to Plaintiff's wrongful termination, Plaintiff was paid a salary, received health insurance, and was eligible for retirement benefits, including a pension. Plaintiff suffered lost growth opportunities such as an increased salary, a vested pension, and all benefits including health insurance. Plaintiff will be making claims for future lost earnings.

Plaintiff has sustained and claims damages for pain and suffering.  As a direct result of the actions taken by Defendants, Plaintiff suffered emotional distress, mental anguish, sleeplessness, damage to his reputation, embarrassment, humiliation, loss of self-esteem, loss of life's pleasures and the loss of his ability to provide for himself.

Furthermore, Plaintiff is making a claim for punitive damages to punish Defendant Gordon for her willful, deliberate, malicious and outrageous conduct.

In addition to damages recoverable under applicable law, Plaintiff reserves the right to seek an award of attorneys' fees and costs of suit, as provided for under 42 U.S.C. § 1988, *Morrison v. Ayoob*, 627 F.2d 669, 672 (3d Cir. 1980), citing *Hutto v. Finney*, 437 U.S. 678 (1978) (attorneys' fees recoverable against state defendants in their official capacities).  The amounts and descriptions of the fees and costs to be sought will be identified in the manner and at the time otherwise required by the Federal Rules of Civil Procedure.

Plaintiff reserves the right to supplement this response up to and including the time of trial. Plaintiff will supplement this response by way of expert reports in accordance with case management deadlines and the Federal Rules of Civil Procedure.

**IV.     Rule 26(a)(1)(A)(iv) Initial Disclosures**

Not applicable to Plaintiff. Such documents are within the knowledge and possession of Defendants, who are hereby requested to promptly produce such information.

Respectfully submitted,

*/s/ James P. Goslee*
**COHEN, PLACITELLA & ROTH, P.C.**
**James P. Goslee, Esquire**
Identification No.: 203043
jgoslee@cprlaw.com
Two Commerce Square
2001 Market Street
Suite 2900
Philadelphia, PA 19103
(215) 567-3500

**SAVAGE LAW, LLC**
**Daniel J. Savage, Esquire**
Identification No. 329538
dsavage@savage-law.com
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 310-0510

*Attorneys for Plaintiff, Nicholas Barone*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, a true and correct copy of the foregoing Plaintiff's Initial Disclosures has been served on all counsel of record via electronic mail.

John P. Gonzales, Esquire
Jahlee J. Hatchett, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA
jpgonzales@mdwcg.com
jjhatchett@mdwcg.com
Tel: (215) 575-2871
*Attorneys for Defendants*

**COHEN, PLACITELLA & ROTH, P.C.**

*/s/ James P. Goslee,*
JAMES P. GOSLEE, ESQUIRE
*Attorney for Plaintiff*