# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS BARONE | : | |
|     Plaintiff, | : | CIVIL ACTON |
| vs. | : | |
| | : | No. 2:23-cv-02821 |
| TRACEY L. GORDON, *individually*, and | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

**DEFENDANTS, TRACEY L. GORDON, INDIVIDUALLY, AND CITY PF PHILADELPHIA'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, Tracey L. Gordon, individually, and the City of Philadelphia, by and through the undersigned counsel, Marshall Dennehey, P.C., hereby responds as follows:

**GENERAL OBJECTIONS**

1. **Attorney-client/work product privileges.** Defendants object to Plaintiff's written discovery requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, work product doctrine, the required reports privilege, the trade secrets privilege, the accountant-client privilege, the joint defense doctrine, the peer review privilege, the self-critical analysis privilege or any recognized privilege under the Federal and/or Pennsylvania laws.

2. **Third-party privacy rights**. Defendants object to Plaintiff's written discovery requests to the extent they seek information and/or documents that would violate any constitutional, statutory, or common law privacy interest or privilege of any current or former employee, representative or agent.

3. **Relevance.** Defendants object to Plaintiff's written discovery requests to the extent they seek information and/or documents that are neither relevant in that there is no legal nexus between the requested information and/or documents and the issues and controversies between Plaintiff and Defendants alleged with particularity in the pleadings, nor likely to lead to the discovery of admissible evidence.

4. **Undue Burden.** Defendants object to Plaintiff's written discovery requests to the extent that they are unduly burdensome, disproportionate and oppressive in that the burden and expense to Defendants in locating and producing such information and/or documents outweighs its likely benefit, especially with respect to such information and/or documents

which may be as readily obtained by Plaintiff from other sources or from documents already disclosed to Plaintiff.

5. **Scope.** Defendants object to Plaintiff's written discovery requests to the extent they are overly broad and seek information and/or documents without proper limit to their subject matter or time period.

6. **Ambiguity and Vagueness.** Defendants object to Plaintiff's written discovery requests to the extent they are vague and ambiguous, and thus likely to lead to confusing, misleading, inaccurate, or incomplete responses.

7. **Confidentiality**. Defendants object to Plaintiff's written discovery requests to the extent that they seek confidential documents or information, particularly without the existence of a confidentiality agreement and order.

8. **Ultimate Issue and Pure Legal Conclusions.** Defendants object to Plaintiff's written discovery requests to the extent that they seek admissions as to an ultimate issue in the case and/or where any admission or denial would be a pure conclusion of law.

9. **Inconsistencies with Federal Rules of Civil Procedure**. Defendants object to Plaintiff's instructions and/or definitions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, or to the extent that they impose obligations on Defendants greater than those provided by the applicable rules.

The responses set forth herein are based upon such information and documents as are presently known and specifically available to Defendants. Further, by responding to a particular Interrogatory, Defendants neither admit nor waive the right to dispute or challenge Plaintiff's characterization of the facts contained in such Responses.

## DOCUMENTS REQUESTED

1. A copy of each and every personnel and payroll file (as well as any other files) maintained by the Defendants regarding Plaintiff, together with any documents in your possession or control relating to Plaintiff's performance, at any time, including but not limited to:

   (a) performance reviews or evaluations;

   (b) any recommendations, thank-you notes or letters, laudatory memoranda or other documents (including correspondence or other documents received from any person or entity not employed by the City of Philadelphia Register of Wills) reflecting favorably on plaintiff's performance during his employment with the Register of Wills; and

   (c) any memoranda, minutes, notes or other documents (including correspondence or other documents received from any person or entity not employed by the City of Philadelphia Register of Wills) reflecting unfavorably on any aspect of plaintiff's performance during his employment with the Register of Wills.

**RESPONSE: Defendants refer Plaintiff to Bates Stamped DEFENSE00001 – 00039.**

2. All booklets, plans or any other materials relating to benefits, including health, pension and retirement benefits, made available to employees during which Plaintiff was employed and to the present if any benefits have changed since the Plaintiff's last date of employment.

**RESPONSE: Defendants respond that discovery and investigation is ongoing and Defendants will produce all relevant information regarding benefits. Defendants reserve the right to supplement this response as appropriate and where relevant.**

3. All payroll records for Plaintiff during the period from January 3, 2019, through January 7, 2022.

**RESPONSE: Defendants refer Plaintiff to Bates Stamped DEFENSE00012, 13, 15-17, 19 – 23, 27-28, 31 – 32, and 35 – 36. By way of further response, discovery and investigation is ongoing and Defendants reserve the right to supplement this response as appropriate and where relevant.**

4. All documents and communications including but not limited to, e-mails, text messages, formal or informal memoranda, type or handwritten notes, or letters, between Register of Wills Tracey Gordon, Keisha Trawick, Keith Harris, Charmaine Collins and/or any other employee of the Philadelphia Register of Wills, made at any point between January 6, 2020 and May 17, 2023, that concern or are in any way related to any fundraising efforts taken toward the reelection of Ms. Gordon to the position of Philadelphia Register of Wills.

**RESPONSE: Defendants incorporate general objections 1 - 10 on the basis that this request is overbroad, vague, is not limited in time or scope, and is unreasonably burdensome in comparison to the needs of the case. By way of further response, the first ESI meet and confer between both parties occurred on January 5, 2023, wherein both parties agreed, for the first time to preliminary ESI terms and custodians. As of this response, the ESI production is not yet complete, however, Defendants will produce all relevant information pursuant to the agreed upon ESI terms. By way of further response, discovery and investigation is ongoing and Defendants reserve the right to supplement this response as appropriate and where relevant.**

5. All documents and communications including but not limited to flyers, social media posts, e-mails, text messages, or other electronically stored information related to solicitation of political contributions for the Friends of Tracey Gordon to the employees of the Register of Wills.

**RESPONSE: Defendants incorporate general objections 1 - 10 on the basis that this request is overbroad, vague, is not limited in time or scope, and is unreasonably burdensome in comparison to the needs of the case. By way of further response, the first ESI meet and confer between both parties occurred on**

**January 5, 2023, wherein both parties agreed, for the first time to preliminary ESI terms and custodians. As of this response, the ESI production is not yet complete, however, Defendants will produce all relevant information pursuant to the agreed upon ESI terms. By way of further response, discovery and investigation is ongoing and Defendants reserve the right to supplement this response as appropriate and where relevant.**

6. All documents and communications relating or referring to the decision to terminate Plaintiff's employment and/or the termination of Plaintiff's employment, including but not limited to, any e-mails, text messages, formal or informal memoranda, typed or handwritten notes, or letters.

**RESPONSE:** **Defendants also incorporate general objections 1 - 10 on the basis that this request is overbroad, vague, is not limited in time or scope, and is unreasonably burdensome in comparison to the needs of the case. By way of further response, the first ESI meet and confer between both parties occurred on January 5, 2023, wherein both parties agreed, for the first time to preliminary ESI terms and custodians. As of this response, the ESI production is not yet complete, however, Defendants will produce all relevant information pursuant to the agreed upon ESI terms. Subject to and without waiving said objection, see Bates Stamped Document DEFENSE00014. By way of further response, discovery and investigation is ongoing and Defendants reserve the right to supplement this response as appropriate and where relevant.**

7. Any statement(s) given to Defendants or its counsel (excluding any documents to which privilege may apply), either orally or in writing, from any person, including parties, who had any information or knowledge relating to any issue in this matter.

**RESPONSE:** **Defendants incorporate general objections 2, 3, 4, 5, 6 and 7 on the basis that this request is overbroad, vague, is not limited in time or scope and is not proportional to the needs of this case. Subject to and without waiving said objection, Defendants respond that Thomas Campion provided a sworn affidavit relating to this matter. Said affidavit was provided in the matter of *Mark Wilson v. City of Philadelphia, et al.*, filed in the United States District Court for the Eastern District of Pennsylvania. Said affidavit is equally accessible to Plaintiff. By way of further response, discovery and investigation is ongoing and Defendants reserve the right to supplement this response as appropriate and where relevant.**

8. All documents and communications which Defendant has provided to or intends to provide to an individual who may act as an expert witness in this matter.

**RESPONSE:** **Defendants have not yet determined whether an expert will be retained in this matter. By way of further response, if Defendants decide to retain an expert, Defendants will produce documents in compliance with the Court's pretrial scheduling order as well as any applicable Federal Rules of Civil Procedure.**

Date: <u>January 10, 2024</u>

                                      **MARSHALL DENNEHEY, P.C.**

BY:      /s/ John P. Gonzales
                                      JOHN P. GONZALES, ESQUIRE
                                      Attorney ID No. 71265
                                      2000 Market Street, Suite 2300
                                      Philadelphia, PA  19103
                                      (215) 575-2871 Fax (215) 575-0856
                                      Email:  jpgonzales@mdwcg.com
                                      *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants, Tracey L. Gordon, *individually* and City of Philadelphia's Responses to Plaintiff First Set of Request for Production of Documents were sent to Plaintiff's counsel at the address below via electronic mail:

**SAVAGE LAW, LLC DANIEL J. SAVAGE**
Daniel J. Savage, Esq.
*dsavage@savage-law.com*

**COHEN, PLACITELLA & ROTH, P.C.**
James P. Goslee, Esq.
Identification No.: 203043
*jgoslee@cprlaw.com*

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendant,*
*Tracey L. Gordon, individually and*
*City of Philadelphia*

Date: January 10, 2024