IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BARONE, | CIVIL ACTION |
| *Plaintiff,* | |
| v. | No. 2:23-cv-02821 |
| CITY OF PHILADELPHIA, ET AL., | |
| *Defendants.* | |

# ORDER

**AND NOW,** this 3rd day of September, 2025, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 41-3), Plaintiff's Response in Opposition (ECF No. 43), Plaintiff's Motion for Partial Summary Judgment (ECF No. 40), and Defendant's Response (ECF No. 44), I find as follows:

## I.     PROCEDURAL BACKGROUND

1. Plaintiff Nicholas Barone filed his Amended Complaint on July 25, 2023, against Defendants, City of Philadelphia and Tracey Gordon, alleging that Defendants unlawfully terminated his employment. (Compl., ECF No. 1.)

2. Specifically, Plaintiff brings the following claims:

    − Violation of Federal Civil Rights Law, 42 U.S.C. § 1983 against Defendant Tracey Gordon (Count One);

    − Violation of Federal Civil Rights Law, 42 U.S.C. § 1983 against Defendant City of Philadelphia (Monell Claim) (Count Two); and

    − Wrongful Discharge against the City of Philadelphia (Count Three).

3. Defendants moved for summary judgment on all three claims. (Def.'s Mot. Summ. J., ECF No. 41-3.) Plaintiff responded in opposition. (Pl.'s Resp. Mot. Summ. J., ECF No. 43.)

4. Plaintiff also moves for partial summary judgment on the issues of Defendant Gordon being the final decisionmaker as the Register of Wills, and Defendant Gordon having final policy making authority in her position. (Pl.'s Mot. Summ. J., ECF No. 40.) Defendants do not oppose the Motion, (Def.'s Resp. Mot. Partial Summ. J., ECF No. 44,) and as such that Motion will be granted as unopposed.

## II.     FACTUAL BACKGROUND[1]

5. Plaintiff began working in the Archives Department for the Philadelphia Register of Wills in January of 2019. (Def.'s Statement of Facts ¶¶ 3–5, ECF No.41-2.) Plaintiff's employment was subject to an "at-will" employment policy. (Def.'s Statement of Facts ¶ 57, ECF 41-2.)

6. In January of 2020, Defendant Gordon was elected the Register of Wills. (Id. at ¶ 8.) The Register of Wills is an elected officer of the City of Philadelphia, whose powers derive from the Pennsylvania Constitution. (Pl.'s Statement of Facts ¶ 1, ECF 43-1.) In this role, Defendant Gordon had the ultimate authority to discipline and terminate employees. (Id. at ¶ 10.)

7. In November of 2021, the Supervisor of the Archives Department, Tom Campion, asked Plaintiff if he would like to donate to Defendant Gordon's lunch fundraiser, to which Plaintiff declined to contribute. (Id. at ¶¶ 23–29.) Later that day, Campion again talked

---

[1] The following facts are derived from the evidence submitted by the parties. Where there is conflicting evidence about a particular fact, Federal Rule of Civil Procedure 56 requires that I view such evidence in the light most favorable to Plaintiffs as the nonmovants. To the extent a statement is undisputed by the parties, I will cite only to the parties' submissions.

to Plaintiff about donating, explaining that Defendant Gordon's driver Keith Harris was "really pushing for donations," to which Plaintiff again declined. (Id. at ¶¶ 26–27.) The next day, Campion again spoke to Plaintiff about contributing, and Plaintiff again declined. (Id. at ¶ 28.)

8. On December 22, 2021, Campion completed a performance evaluation for Plaintiff in which he stated that Plaintiff either met or exceeded all expectations. (Def.'s Statement of Fact ¶ 36, ECF No. 41-2; Def.'s Ex. H, ECF No. 41-12.)

9. On January 2, 2022, Plaintiff received a call from Charmaine Collins, Human Resource Deputy for the Register of Wills, to inform him that his employment was terminated. (Def.'s Statement of Facts ¶¶ 33, 40, ECF No. 41-2.) Prior to the call, Collins was instructed by Defendant Gordon to terminate Plaintiff's employment and not to ask any questions. (Id. at ¶ 48.)

### III.  LEGAL STANDARD

10. Summary judgment is warranted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the result of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict in favor of the non-moving party. Id.

11. A movant can establish that summary judgment is appropriate by pointing to the absence of evidence to support the non-movant's case. Celotex, 477 U.S. at 325. In response, the non-movant "must rebut the motion with facts in the record and cannot rest solely on

assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); Est. of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (stating that nonmovant "must present affirmative evidence–whether direct or circumstantial–to defeat summary judgment"). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Liberty Lobby, 477 U.S. at 252.

IV. **DISCUSSION AND ANALYSIS**

   A. **First Amendment Retaliation Claim (Count One)**

12. To establish a claim under Section 1983, a plaintiff must demonstrate, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was caused by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

13. There is no dispute that Defendant Gordon was acting under the color of state law as the Register of Wills. (Def.'s Statement of Facts ¶ 1.)

14. To establish retaliation in violation of the First Amendment, a public employee must show: "(1) his speech is protected by the First Amendment and (2) the speech was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the speech had not occurred." Dougherty v. Sch. Dist. of Philadelphia, 772 F.3d 979, 986 (3d Cir. 2014). Here, Plaintiff's refusal to contribte to Defendant Gordon's campaign was protected activity, and a reasonable juror could find that it was a substantial or motivating factor behind his termination.

### i. Protected Conduct

15. Defendant argues that Plaintiff's conduct was self-interested behavior not protected by the First Amendment. (Def.'s Mot. Summ. J. 6, ECF 41-3.)

16. An employee's conduct is protected when their interest as a citizen commenting on a matter of public concern outweighs the interest of the state in promoting the efficiency of the public services it performs. See Pickering v. Bd. of Ed., 391 U.S. 563, 568 (1986). This is the case when the employee: (1) spoke as a citizen (2) on a matter of public concern. Fenico v. City of Philadelphia, 70 F.4th 151, 162 (3d Cir. 2023). If these two elements are met, the court must then determine whether the employee's interest in speaking "outweighs the government's interest in avoiding disruption to its operations." Id. (internal quotations omitted).

17. An employee is not speaking as a citizen where they speak pursuant to their official duties. Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). Defendant have put forth no evidence that even suggest that Plaintiff's decision not to contribute was part of his official duties.

18. A matter of public concern is "any matter of political, social, or other concern to the community." Amalgamated Transit Union Loc. 85 v. Port Auth., 39 F.4th 95, 103 (3d Cir. 2022) (internal quotations omitted). The Third Circuit has ruled that the decision not to support a campaign is constitutionally protected under the First Amendment. Galli v. New Jersey Meadowlands Comm'n, 490 F.3d 265, 273 (3d Cir. 2007); see also Bennis v. Gable, 823 F.2d 723, 731 (3d Cir. 1987) ("A citizen's right not to support a candidate is every bit as protected as his right to support one."). Here, the undisputed evidence

establishes that Plaintiff's refusal relates to a matter of political concern, and is therefore protected under the First Amendment.

19. With the first two elements met, Defendants can show that their interest outweighs the employee's interest by demonstrating that the activity impedes Defendants' ability to perform their responsibilities or interferes with their regular operations. Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 475-76 (3d Cir. 2015), as amended (Oct. 25, 2019). In Munroe, a school district had adequate justification to fire a teacher based on her "despicable" comments about her students. There the teacher's comments outraged students and parents thereby disrupting the learning environment and impacting her ability to perform her responsibilities. Munroe, 805 F.3d at 476-77. As such, the Court found that the teacher's interest was outweighed by her employer's interest in promoting the efficiency of their public services. See id. Here Defendants have not explained how Plaintiff's refusal to contribute impeded his ability to perform his job, much less established that there is no genuine issues that their interest outweigh the Plaintiff's interest in their First Amendment protections.

    **ii. Causal Connection**

20. Defendants argues that Plaintiff has failed to establish that his speech was the cause of his termination. (Def.'s Mot. Summ. J. 6, ECF No. 41-3.) However, when the facts are viewed in the light most favorable to the Plaintiff, a reasonable juror could find that Plaintiff was terminated due to his refusal to contribute.

21. To establish causation, the plaintiff must show that the protected activity was "a substantial or motivating factor" in the disciplinary action. Ambrose v. Robinson, 303 F.3d 488, 493 (3d Cir. 2002). The question of whether the activity is a substantial or

motivating factor is generally a question of fact for the jury. See, e.g., McGreevy v. Stroup, 413 F.3d 359, 364 (3d Cir. 2005).

22. Of course, Plaintiff's termination by Defendant Gordon could only have been caused by his engagement in protected activity if Defendant Gordon was aware of such activity, a fact that she appears to deny. See Ambrose, 303 F.3d at 493. However, there is evidence that Defendant Gordon's personal driver Keith Harris kept a list of individuals who did not contribute to the campaign. (Pl.'s Statement of Facts ¶ 53, ECF No. 43-1.) When viewed in the light most favorable to the Plaintiff, this would allow a reasonable jury to conclude that Defendant Gordon herself had knowledge of Plaintiff's protected activity.

23. A plaintiff can demonstrate that an activity was a substantial or motivating factor in their termination by showing "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

24. The Third Circuit has found that a gap of three months without additional evidence is not unusually or unduly suggestive, while subsequent courts have explained that a one-month gap could be considered temporally connected.[2] LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007); Jones v. Amtrak, No. CIV.A. 06-4739, 2008 WL 1722254 (E.D. Pa. Apr. 10, 2008) (granting summary judgment on a finding that plaintiff had not satisfied the knowledge requirement).

---

[2] Defendant has cited Farrell v. Planters Lifesavers Co., for the proposition that "two days is sufficient to establish causation on its own, while ten days is only sufficient when accompanied by other evidence of retaliation." 206 F.3d 271, n.5 (3d Cir. 2000). I do not find Defendants' representation of Farrell to be accurate. What Farrell really states is that "each case must be considered with a careful eye to the specific facts and circumstances encountered" and that "there is clearly a difference between two days and nineteen months." Id.

7

25. As the Third Circuit has explained, temporal proximity is merely an evidentiary basis for causation, not the element that must be proven. Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997). When absent, a factfinder may use circumstantial evidence from the record to infer causation. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280–81 (3d Cir. 2000).

26. Here, there is a period of around one-to-two months between Plaintiff's refusal to contribute and his termination. Defendants have not established that no reasonable juror would find this level of proximately to be unduly suggestive.

27. Additionally, jurors may infer causation from the surrounding circumstances. For instance, Defendants stated that the termination was the result of Plaintiff "refus[ing] to make the deliveries that he was supposed to make to City Hall from Archives." (Gordon Dep. 7:5–7:13.) However, Defendants have provided no evidence of any disciplinary history with Plaintiff. (Pl.'s Statement of Fact ¶ 51.) In fact, Plaintiff had received positive feedback up to the date of his termination. Given this information, a reasonable juror could discredit Defendants' justification and find that the protected activity was a substantial and motivating factor behind Plaintiff's termination.

    iii. **Materiality**

28. A defendant can escape liability in a retaliation claim by showing that the employee would have been terminated even in the absence of the protected conduct. Bd. of Cnty. Comm'rs, v. Umbehr, 518 U.S. 668, 675 (1996). To defeat a summary judgment motion, a plaintiff can either discredit the employer's reasons through direct or circumstantial evidence, or they can show that more likely than not the illegitimate reason was a motivating or determinative cause. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

29. On December 22, 2021, Plaintiff's performance evaluation was completed and listed that Plaintiff met or exceeded expectations. (Def.'s Statement of Fact ¶ 36, ECF No. 41-2; Def.'s Ex. H, ECF No. 41-12.) Plaintiff points to the Sworn Declaration of his former supervisor Tom Campion, stating that Plaintiff had no disciplinary concerns, was well liked, and worked very hard, and that he is "100% confident" that Plaintiff was terminated for not making campaign contributions. (Pl.'s Statement of Fact ¶ 37, ECF No. 43.) In considering the evidence presented, a reasonable juror could find that Defendant would not have terminated Plaintiff had he contributed to her campaign.

30. Accordingly, I conclude that Defendants are not entitled to summary judgment as to the First Amendment Retaliation claim.

B. **Monell** **Claim (Count Two)**

31. Defendants next argue that Plaintiff has failed to establish liability on the part of the City. (Def.'s Mot. Summ. J. 7, ECF No. 41-3.)

32. In order to recover against a municipality under Section 1983, a plaintiff must plead that the City itself caused an injury through the implementation of a policy, practice or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Natale v. Camden Cty Corr. Facility, 318 F.3d 575 (3d Cir. 2003). Section 1983 imposes liability on a municipality where, "through its **deliberate** conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997). A municipal government can be held liable for the unconstitutional actions of their employees if: 1) the employee was acting pursuant to a formal policy or a long-standing operating procedure within the entity; 2) the employee has policy making authority rendering their behavior an act of official government policy; or 3) an official

with authority has ratified the unconstitutional actions of a subordinate, rendering the behavior official. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (internal citations omitted).

33. Whether an official has final policymaking authority is a matter of state law. St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). To have policy making authority sufficient to render their actions official policy, the employee must possess "final authority to establish municipal policy with respect to the action ordered." Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986). In G.S. v. Penn-Trafford School District, a school district was held liable under Monell for the actions of a superintendent who suspended a student for exercising her First Amendment rights. No. 20-3281, 2023 WL 4486667 (3d Cir. July 12, 2023). While the school board was the final policymaker for some actions, the Monell claim was successful because the superintendent was the final policymaker when it came to imposing suspensions on students. Id. at *3.

34. Defendants do not dispute that Defendant Gordon was the final decision maker for the Register of Wills Office, her decisions were unreviewable under Pennsylvania state law, and she had final policy making authority as Register of Wills. (Def.'s Resp. Mot. Partial Summ. J. 1, ECF No. 44; See Pl.'s Mot. Partial Summ. J., ECF No. 40.)

35. Even if certain decisions of the Register of Wills were reviewable, there is no dispute her decision to hire and fire employees was not. As such, Plaintiff's termination was the result of an official government policy. Accordingly, Defendants are not entitled to summary judgment on this issue.

### C. Wrongful Discharge Claim (Count Three)

36. Defendants moved for summary judgment on the claim of wrongful discharge, arguing that Plaintiff was an "at-will" employee.

37. Generally, employment in Pennsylvania is presumed to be "at-will." McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 286 (Pa. 2000). Under "at-will" employment, an employee can be terminated for "any or no reason." Raines v. Haverford College, 849 F. Supp. 1009, 1011 (E.D. Pa. 1994) (citing Ruzicki v. Catholic Cemeteries, Inc., 610 A.2d 495, 497 (Pa. 1992)).

38. Pennsylvania courts have nonetheless found terminations of "at-will" employees to be wrongful where a defendant's actions violate a "clear public policy articulated in the Constitution, in legislation, an administrative regulation, or a judicial decision." Tanay v. Encore Healthcare, LLC, 810 F. Supp. 2d 734, 738 (E.D. Pa. 2011) (quoting Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 175 (Pa. Super. 1996)).

39. Courts have generally applied that standard to three circumstances: 1) when an employee is required to commit a crime; 2) when the employer prevents the employee from complying with a statutorily imposed duty; and 3) when the employer is specifically prohibited by statute from terminating the employee. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 111 (3d Cir. 2003) (internal citations omitted) (applying Pennsylvania law). Here, Defendants are government actors that are constitutionally prohibited from violating the First Amendment, and there is a genuine issue as to whether they did so by terminating Plaintiff.

40. In Novosel v. Nationwide Ins. Co., the Third Circuit found a public policy exception where an employee was terminated by an employer for declining to promote their

lobbying agenda, even though no state statute prevented such a firing. 721 F.2d 894, 896 (3d Cir. 1983). The Third Circuit ruled that the violation of the employee's constitutional rights was "no less compelling a societal interest" than violations of state statutes. Id. at 899 (reversing the District Court's decision to dismiss the wrongful termination claim).

41. While Novosel's holding was later limited to "a firing based on forced political speech." See Fraser, 352 F.3d at 112-113, it remains applicable to this case which involves just that. While Pennsylvania courts have held that the First Amendment cannot be used as a basis for the public policy exception in the absence of state action, Fraser, 352 F.3d at 112 (citing Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 620 (3d Cir. 1992), here there is state action on the part of Defendants.

42. In sum, a reasonable juror could find that Plaintiff's termination was due to his refusal to support Defendant Gordon's campaign. Because his refusal is protected under the First Amendment, this would violate public policy, and constitute wrongful termination.

43. Accordingly, the City is not entitled to summary judgment on Plaintiff's Wrongful Discharge claim.

**WHEREFORE**, it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment is **DENIED** as to all claims.
- Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**