EXHIBIT B

BOARD OF ETHICS

OF THE CITY OF PHILADELPHIA

-----------------------------

| | |
|---|---|
| J. Shane Creamer, Jr. | : |
| Executive Director | : |
| Philadelphia Board of Ethics | : |
| 1515 Arch Street, 18th Floor | : |
| Philadelphia, PA 19102 | : |
| | : |
| v. | :MATTER NO. 1412MU14 |
| | : |
| Tracey Gordon | : |
| 6543 Windsor Street | : |
| Philadelphia, PA 19142 | : |
| Respondent | : |

-----------------------------

TRANSCRIPT OF HEARING, taken by and before
ERICA CRAGER HEARN, Court Reporter and Notary
Public, at the CITY OF PHILADELPHIA, BOARD OF
ETHICS, Conference Room 18-009, 1515 Arch Street,
18th Floor, Philadelphia, Pennsylvania, on
Tuesday, August 4, 2015, commencing at 11:45 a.m.

- - -

ERSA COURT REPORTERS
30 South 17th Street
United Plaza - Suite 1520
Philadelphia, PA 19103
(215) 564-1233

BOARD OF ETHICS

2

A P P E A R A N C E S :

HEARING OFFICER:

        RICHARD GLAZER

GENERAL COUNSEL STAFF:

        MAYA NAYAK, General Counsel
        DIANA LIN, Associate General Counsel
        AYODEJI PERRIN, Staff Attorney


ENFORCEMENT STAFF:

        J. SHANE CREAMER, JR., Executive Director
        MICHAEL J. COOKE, Director of Enforcement
        JORDAN SEGALL, Staff Attorney
        BRYAN MCHALE, Public Integrity
        Compliance Specialist

RESPONDENT:

        TRACEY GORDON

ALSO PRESENT:

        ANDRE SAWYER

BOARD OF ETHICS

HEARING OFFICER GLAZER:  My name is Richard Glazer.  I'm the Hearing Officer in the matter number 1412MU14, J. Shane Creamer, Jr., Executive Director of Philadelphia Board of Ethics versus Tracey Gordon.

This hearing was called today for 11:30.  It is presently 11:45 and we are going to call the Respondent, Tracey Gordon, at telephone number 267-235-0091.

Thank you.

(At this time, a short recess was taken after which hearing was recommenced.)

HEARING OFFICER GLAZER:  Would you identify yourself for the record and tell us what you just did, please?

MR. PERRIN:  Yes, my name is Ayodeji Perrin.  I'm a Board of Ethics staff attorney.

I just telephoned Tracey Gordon at the phone number that we have on file for her.  I also sent her an email, copied the parties, and general counsel staff on

BOARD OF ETHICS

4

1    the email asking her for her status with

2    regard to this hearing.  I asked her to

3    phone the Board of Ethics and inform The

4    Board of her status when she receives the

5    message.

6            HEARING OFFICER GLAZER: Mr.

7    Perrin, was there any response other

8    than voicemail or was there voicemail on

9    the number that you called?

10           MR. PERRIN:  Her voicemail box

11   was full.  I wasn't able to leave a

12   message, and so, hence, she didn't answer,

13   obviously, but got me to the voicemail.

14           HEARING OFFICER GLAZER:  Thank

15   you.

16           Off the record.

17           (At this time, a short recess was

18   taken after which the hearing

19   recommenced.)

20           HEARING OFFICER GLAZER:  Back on

21   the record.

22           Mr. Perrin, would you please say

23   for the record what you had just done.

24           MR. PERRIN:  I did reach

BARONE 000112

BOARD OF ETHICS

5

1    Ms. Gordon by telephone.  She said she was

2    confused with her dates and she thought

3    the hearing began tomorrow.  She said she

4    would be able to attend the hearing today

5    at 2:00 p.m., if it was possible to

6    postpone the hearing.  She is for sure

7    available tomorrow because that's the day

8    she thought the hearing began.

9             HEARING OFFICER GLAZER:  Okay.

10   Still on the record, please.

11            Any thoughts from the Executive

12   Director?

13            MR. COOKE:  Thank you,

14   Mr. Hearing Officer.

15            Michael Cooke, Director of

16   Enforcement, on behalf of the Executive

17   Director.

18            We are, of course, prepared to

19   proceed.  We have witnesses who are

20   currently waiting.  We don't want to do

21   anything that might jeopardize the

22   attendance of witnesses and, therefore,

23   would be reluctant to delay the beginning

24   of the hearing.  And we certainly

BARONE 000113

BOARD OF ETHICS

6

```
 1    understand if we're talking about a brief

 2    stay of an hour or two to allow her to be

 3    here, we can probably be amenable to that.

 4    I have to say that we're skeptical that

 5    Ms. Gordon will actually appear today,

 6    tomorrow or any other day, and, of course,

 7    are not thrilled about postponements that

 8    might cause damage to our ability to put

 9    on our case.

10            HEARING OFFICER GLAZER:  Thank

11    you.

12            (A discussion was held off the

13    record.)

14            HEARING OFFICER GLAZER:  Back on

15    the record, please.

16            The Hearing Officer is inclined

17    to grant the brief delay until 2:00.

18            I would just ask the Executive

19    Director if there are any of his proposed

20    witnesses that would not be able to

21    testify because of the passage of time

22    between now and 2:00?

23            MR. COOKE:  Well, we have two

24    witnesses that are here right now and we
```

BOARD OF ETHICS

7

1    can go ask them if that would, you know,

2    affect their availability in any way and

3    then come back and let you know.

4            HEARING OFFICER GLAZER:  Okay.

5    Please.

6            MR. COOKE:  Actually, we've got,

7    three of the witnesses here; one of them

8    I'm sure, will be available, though, since

9    he is a staff member.

10           Thank you.

11           (A discussion was held off the

12   record.)

13           HEARING OFFICER GLAZER:

14   Mr. Cooke, have you had a chance to speak

15   to your witnesses?

16           MR. COOKE:  Yes, thank you,

17   Mr. Hearing Officer.

18           We have spoken with both of our

19   witnesses.  They are both available at

20   2:00 and would be able to return at that

21   time.

22           HEARING OFFICER GLAZER:  Okay.

23   I'm instructing Mr. Perrin to contact

24   Ms. Gordon and advise her that we will

BOARD OF ETHICS

8

1    proceed at 2:00, and that if she does not

2    show up at 2:00, she will be deemed to

3   have waived her right to a hearing.

4            MR. COOKE:  So, a couple of

5    questions:  One is what will happen if

6   Mr. Perrin is unable to reach her?

7            HEARING OFFICER GLAZER:  He will

8   be sending an email.

9            MR. COOKE:  The other is, I would

10    say that -- or the Executive Director's

11    position or preference would be that if

12   Ms. Gordon does not appear at 2:00, that

13    we begin the hearing.  We have witnesses

14    that we would like to put on.  We feel

15   it's important for us to have their

16    testimony be part of the record, given

17    that Ms. Gordon has filed an answer that

18    denies many of the allegations in the

19    Notice, so we can't rest on the Notice

20    itself.

21            We would propose that if we began

22    the hearing today and she came tomorrow,

23    there would be nothing to bar her from

24    joining the hearing at that point and to

BOARD OF ETHICS

1   cross-examine whoever is being called that

2   day by the Executive Director, or put on

3   her own case if she chooses to.  Just to

4   share with you what our thoughts on that

5   are, not that she would, by failing to

6   appear at 2:00 today, have fully waived

7   the right or ability to appear at the

8   hearing.

9         HEARING OFFICER GLAZER:  We

10   anticipated that you might take that

11   position, and we are going to confer to

12   see whether the failure to appear is

13   tantamount to a waiver of the hearing.

14         MR. COOKE:  Such that we would

15   not be able to conduct one?

16         HEARING OFFICER GLAZER:  That's

17   correct.

18         MR. COOKE:  Okay.

19         HEARING OFFICER GLAZER:  We would

20   work under Board Reg 2, Supplemental

21   Procedures Memorandum Section 5, which

22   talks about filing a Brief in Support of

23   the Notice in lieu of a hearing.  But

24   we're going to confer on that should

BARONE 000117

BOARD OF ETHICS

1    that --

2         MR. COOKE:  I would just note

3    that if the Executive Director was unable

4    to present testimony through witnesses

5    tomorrow, especially witnesses -- the

6    witness -- one witness in particular who

7    is called tomorrow, I believe it would

8    impair our ability to make that witness's

9    testimony part of the record as I am

10   concerned about ability to obtain that

11   witness's testimony, either in Affidavit

12   or Declaration form, such that it could be

13   submitted with a brief.

14        HEARING OFFICER GLAZER:  But you

15   would have been in that same position

16   should a hearing not have been requested

17   by the Respondent.

18        MR. COOKE:  Potentially.

19        HEARING OFFICER GLAZER:  Yes.

20        MR. COOKE:  But we do have the

21   witness committed to appear tomorrow, and

22   so our view is that we are reluctant to

23   relinquish the opportunity to take her

24   testimony under oath.

BARONE 000118

BOARD OF ETHICS

1          The other thing I wanted to ask,

2    if I may, is we do have some prehearing

3    administrative matters we wanted to raise

4    with the Hearing Officer.  I'm certainly

5    happy to wait until 2:00 to do that, but

6    to also ask, you know, in the interest of

7    efficiency, if we could raise any of that

8    now.

9          HEARING OFFICER GLAZER:  I'm

10   reluctant to proceed without Respondent

11   present.

12         As far as preserving this

13   witness's testimony, the witness is under

14   subpoena?

15         MR. COOKE:  The witness is not.

16         HEARING OFFICER GLAZER:  Not

17   under subpoena, but the witness, as you

18   understand it, will be present?

19         MR. COOKE:  Yes.

20         This is a witness that we tried

21    to serve and were unable to do so, but

22   that we spoke with yesterday, Susan

23    McCall, and she said that she would avoid

24    being served with a subpoena, but promised

1    that she would, in fact, be here tomorrow.

2         HEARING OFFICER GLAZER:  Well, if

3    you choose to take the route that the

4    failure to appear is a waiver, then you

5    would obviously have the ability to depose

6    her.

7         MR. COOKE:  We can try.

8         HEARING OFFICER GLAZER:  Yes.

9    Thank you.

10        (At this time, a short recess was

11   taken at 12:18 p.m.  The hearing

12   recommenced at 2:04 p.m.)

13        (At this time, Tracey Gordon and

14   Andre Sawyer joined the hearing.)

15        MR. COOKE:  Just note, Mr. Sawyer

16   is not an attorney and given the

17   confidentiality requirements of the

18   Board's Regulation No. 2, I'm not sure

19   that -- it doesn't seem to me that the

20   regulation provides for the participation

21   in an Administrative Adjudication Hearing,

22   of someone, you know, who is not counsel

23   to the Respondent.

24        HEARING OFFICER GLAZER:  Ms.

BOARD OF ETHICS

1    Gordon, on the record, would you address

2    Mr. Cooke's concern about Mr. Sawyer's

3    presence?

4            Could you tell us why he is here

5    and what assistance, if any, he's going to

6    help you with?

7            MS. GORDON:  Yes.  He's a very,

8    very close friend and confidant of mine,

9    and he's just coming for support services

10   because I don't have anyone here to be

11   able to support me, such as an attorney.

12   So, he has -- I give him permission to

13   hear anything there is to be heard about

14   the case.  He knows everything about the

15   case already because he's been one that I

16   confide in as well.

17           HEARING OFFICER GLAZER:

18   Mr. Sawyer, we are going to explain in a

19   few minutes some of the responsibilities

20   of people who are present at these types

21   of hearings.

22           MR. SAWYER:  Okay.

23           HEARING OFFICER GLAZER:  The one

24   that would be most pertinent to you would

BOARD OF ETHICS

```
 1   be this issue of confidentiality.

 2           MR. SAWYER:  Understood.

 3           HEARING OFFICER GLAZER:  And the

 4   question that I would like you to address

 5   is that are you willing to fulfill that

 6   obligation of maintaining confidentiality

 7   of these proceedings with respect to

 8   communicating with anyone outside?

 9           MR. SAWYER:  Affirm.

10           HEARING OFFICER GLAZER:  You

11   agree?

12           MR. SAWYER:  Yes.

13           HEARING OFFICER GLAZER:  Okay.

14   I'm going to be explaining that in a

15   little more detail later.

16           Any objections, Mr. Cooke?

17           MR. COOKE:  No, that's fine.

18           HEARING OFFICER GLAZER:  Okay.

19   Ms. Gordon, if you wanted to say something

20   before we started.

21           MS. GORDON:  Yes, sir.

22           First, I would like to apologize.

23   I actually got the date mixed up and I had

24   something personal to do, and when I
```

ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES

BOARD OF ETHICS

1    called, I made sure I got down here.  So,

2    I want to apologize to you.  I wasn't

3    disrespecting your court and I wasn't

4    disrespecting the counsel over here.

5            I have tried to attain -- retain

6    two attorneys on two occasions.  One was

7    too busy and the other one was on

8    vacation, and when she gave me the price,

9    it was just like way over my head because

10   of my financial situation.

11           When looking at this case, the

12   only way I would be able to prove my

13   innocence is being able to have an

14   attorney to be able to sort out the

15   technicalities that I've been given by the

16   Board of Ethics.

17           So, I would like to read this

18   statement because I would like -- I don't

19   feel that it's in my constitutional best

20   interest to go about a hearing without

21   having an attorney with me who would

22   thereby be able to get proof of things of

23   the circumstances based on this hearsay.

24           So, I would like to just read

BOARD OF ETHICS

16

1    this statement that I'm currently

2    petitioning the Board of Ethics of the

3    City of Philadelphia to afford me the

4    opportunity to legal representation as a

5    result of my current indigent disposition,

6    because the current process is

7    unconstitutional and doesn't allow due

8    process.

9            My inability not to obtain

10   comprehensive counsel is a direct result

11   of the legal termination by the Singer

12   Administration.  As noted in official City

13   documents, all of the charges carry a fine

14   of no more than $300 for termination.  I

15   continue to dispute the charges as being

16   politically generated and without merit,

17   but my current financial status impedes my

18   ability to address and challenge the

19   charges with capable representation.

20           Under the report issued by the

21   Task Force and Advisory Committee on

22   Services to Indigent Defendants called A

23   Constitutional Default, Services to

24   Indigent Defendants 2011, it clearly

BARONE 000124

BOARD OF ETHICS

1   states in the landmark case of Gideon vs.

2   Wainwright, the U.S. Supreme Court ruled

3   that free counsel for criminal and civil

4   defendants who cannot afford to hire an

5   attorney is mandated upon by the 6th

6   Amendment of the United States

7   Constitution.

8        Justice Hugo Black explained why

9   this conclusion is necessary if the courts

10  of this nation are to adhere to genuine

11  justice.

12       These reflections require us to

13  recognize that it is our adversary system

14  of criminal and civil justice.  Any person

15  haled into court, who is too poor to hire

16  a lawyer, cannot be assured a fair trial

17  unless counsel is provided for him or her.

18  This seems to us to be an obvious truth.

19  Governments, both state and federal, quite

20  properly spend vast sums of money to try

21  defendants accused of a crime.  Lawyers

22  to prosecute are everywhere deemed

23  essential to protect the public's interest

24  in an orderly society.  Similarly, there

BOARD OF ETHICS

```
 1   are a few defendants charged with crime,

 2   few indeed, who fail to hire the best

 3  lawyers they can get to prepare and

 4   present their defenses.  That government

 5   hires lawyers to prosecute and defendants

 6   who have the money hire lawyers to defend

 7   are the strongest indications of the

 8   wide-spread belief that lawyers in

 9   criminal courts are necessities, not

10   luxuries.  The right of one charged with

11   crime to counsel may not be deemed

12   fundamental and essential to fair trials

13   in some countries, but it is in ours.

14        The United States Supreme Court

15   has subsequently extended the requirement

16   of free counsel from the felony

17   prosecution involved in Gideon to civil

18   and misdemeanor prosecutions and juvenile

19   proceedings and from the trial -- trial

20  itself to all critical proceedings.

21        I would like to schedule a date

22   and time to further discuss how legal

23   representation will be afforded in my case

24  and how I can continue to look for,
```

BOARD OF ETHICS

1    because I have been diligently looking for

2    legal counsel -- sorry, I'm so nervous.

3            I was approached by counsel to

4    take a plea, an agreement, to drop all the

5    charges except one, and the one charge

6    that they wanted me to keep was the one

7    that would be most damaging to my

8    reputation.  Because my reputation is

9    community service, and this one charge is

10   a charge that's really based on hearsay, I

11   rejected that.  I rejected that because I

12   felt like I didn't do it.  And I'm not

13   going to plead guilty based on a plea deal

14   for something that I didn't do.

15           So right now, I'm nervous.  I

16   can't -- I can't go up with a machine of

17   attorneys without having an attorney for

18   myself and I do think that it is my right.

19           Now, I don't know all the

20   requirements that's going on, but I did

21   try my best and I do have a letter where

22   Michael Cooke even said, himself, that I'm

23   not going to be able to find an attorney

24   for this case, and I didn't understand

BARONE 000127

1    where that came from, because everybody

2    should be able to find an attorney.  The

3    problem is would everybody be able to

4    afford an attorney.

5         So, in all due respect to you,

6    your time and The Court, I do not want to

7    proceed with this because it's like

8    hanging a noose around my neck to proceed

9    in a trial when I don't have expert advice

10   on what to say, what not to say, how to do

11   deposition.  I even tried to research to

12   see how I could do my own deposition.  I

13   didn't have access to witnesses that I

14   felt that could have came in here and

15   could defend my reputation.

16        So, at this point, I just want to

17   come and pay respect.  I don't know the

18   process, but I am in no position to

19   proceed with this procedure without an

20   attorney.

21        HEARING OFFICER GLAZER:  Thank

22   you.

23        MS. GORDON:  Thank you.

24        HEARING OFFICER GLAZER:

BOARD OF ETHICS

21

1    Mr. Cooke.

2          MR. COOKE:  Thank you,

3    Mr. Hearing Officer.

4          We note that, in fact, what

5    Respondent Gordon has requested is another

6    continuance to allow her time to find an

7    attorney.  The Board rejected her most

8    recent request along those lines and we

9    opposed it as well.

10          We certainly sympathize with

11    Ms. Gordon's desire to be represented by

12    counsel.  We would certainly prefer that

13    she was represented by counsel at the

14    hearing, but the unfortunate reality is,

15    based on our experience with this

16    particular proceeding, we are very

17    skeptical that Ms. Gordon would, in fact,

18    be able to retain counsel.  This matter

19    was initiated in December of last year,

20    that is over eight months ago, that is an

21    extensive amount of time in which to find

22    an attorney to represent her.  There have,

23    in fact, been at least two attorneys who

24    have entered their appearance in this

BOARD OF ETHICS

1    matter and subsequently withdrawn.  We

2    don't have confidence that if the matter

3    was to be continued indefinitely until

4    Ms. Gordon was able to be represented by

5    counsel, that the matter would, in fact,

6    ever go forward.  We, of course, are

7    keenly sympathetic to the difficult

8    circumstances for folks who are unable to

9    afford representation in a civil context

10   and do not wish to down-play the

11   seriousness of that difficulty that

12   Ms. Gordon faces, and note, of course,

13   that Gideon vs. Wainwright only applied to

14   representation in a criminal context.

15   While The Courts have extended the right

16   to counsel in some circumstances in the

17   civil context, an Administrative

18   Proceeding of The Board is not one of

19   them.  There is not an obligation of the

20   State to provide counsel to Ms. Gordon in

21   a hearing such as this, or to decline to

22   prosecute that matter if she is not

23   represented.

24            So, for those reasons, we would

BOARD OF ETHICS

1   continue to oppose the request for the

2   continuance.

3          I do want to make a final point

4   to correct what I believe is a

5   misunderstanding or misrepresentation by

6   Ms. Gordon.  At no point has Enforcement

7   staff offered a settlement that would

8   involve dropping all of the charges

9   against her but one.  We, of course, are

10  always open to settlement discussions, but

11  that is not at all something that we have

12  discussed with her as the specifics that

13  she outlined.

14          So, I'll just conclude there and

15  say, again, it is with regret that we feel

16  that we must oppose her request for a

17  continuance at this time.

18          MS. GORDON:  Can I say one more

19  thing?

20          HEARING OFFICER GLAZER:  Yes.

21          MS. GORDON:  Okay.  I understand

22  that when -- when -- when this case first

23  came up, before the investigation even

24  took place, I was automatically suspended

BOARD OF ETHICS

24

```
 1    without pay.  After the findings from The
 2    Board, before I appealed them, the
 3    recommendations from The Board was fines.
 4    I was terminated.
 5          So, I'm not asking for sympathy,
 6    but imagine you don't have pay and you
 7    have a house, and you have electric and
 8    bills that you have to pay, so it's easy
 9    to say I have enough time to get
10    attorneys, but attorneys that you hire
11    have to feed their families as well.  And
12    just because I don't have an attorney does
13    not mean I'm guilty.
14          I'm saying -- I'm asking The
15    Court could they afford me an attorney,
16    because my circumstances is now currently
17    I don't even get Unemployment.  I am
18    currently on public assistance.  And so I
19    am not looking for sympathy -- sympathy or
20    a handout, I'm looking for consideration
21    that they got two binders full of
22    allegations that they were willing to
23    throw out all of them except one, and the
24    one that they wasn't willing to throw out
```

BOARD OF ETHICS

```
 1   was most damaging to my reputation.

 2    Because I am a community leader in my

 3    community, when you Google my name the

 4   first thing that comes up is a mean

 5    picture of me violating ethics, and to the

 6    public, that looks like I'm guilty, even

 7    though I haven't even gotten a chance to

 8    defend myself.  But public perception is

 9    real in this city, so I'm just saying that

10   I understand that the way The Board and

11   the City is set up, based on the reactions

12   of the Commission, I'm already guilty

13   because even The Board said that I got

14   suspended from the Commission before the

15   investigation even started.  Then after

16   their recommendations was finable

17   offenses, I got fired.

18           This is all politically

19   motivated, I --

20           HEARING OFFICER GLAZER:

21   Ms. Gordon, I don't mean to cut you off.

22           MS. GORDON:  Okay.

23           HEARING OFFICER GLAZER:  I think

24   you made your points already.
```

```
 1            MS. GORDON:  Okay.

 2            Thanks, Your Honor.  I apologize,

 3     Mr. Glazer.

 4            HEARING OFFICER GLAZER:  I'm the

 5     Hearing Officer, so I'm not a judge, but

 6     I'm going to deny your request for a

 7     continuance.

 8            I am going to take great pains

 9     and make great effort to explain these

10     proceedings as we go forward, and if at

11     any point you don't understand anything,

12     please ask me and I will do my best to try

13     to make it understandable to you.

14            MS. GORDON:  Okay.

15            HEARING OFFICER GLAZER:  Are you

16     ready to proceed?

17            MS. GORDON:  Proceed with what?

18            HEARING OFFICER GLAZER:  With the

19     hearing.

20            MS. GORDON:  One second.

21            I am not ready to proceed with

22     the hearing.

23            (A discussion was held off the

24     record.)
```

BOARD OF ETHICS

1          HEARING OFFICER GLAZER:  I've

2     consulted with my counsel and, again, I

3     will restate that you had requested a

4     hearing in this matter, and that's what is

5     taking place today.  This is your

6     opportunity to defend yourself at this

7     hearing.  So, we are going to go forward

8     and I am going to read a series of things

9     that are going to outline how this day is

10    going to go forward.

11          MS. GORDON:  Well, I need to take

12    a break before we start.

13          HEARING OFFICER GLAZER:  Okay.

14    We'll take a short postponement.  Is five

15    minutes going to be sufficient?

16          MS. GORDON:  Yes.

17          HEARING OFFICER GLAZER:  Okay.

18          (At this time, a short break was

19    taken.)

20          HEARING OFFICER GLAZER:  We're

21    now on the record and we didn't identify

22    ourselves on the record, so I will go on

23    the record.

24          Would the parties and counsel,

BOARD OF ETHICS

```
 1    please identify themselves?

 2             MR. COOKE:  Michael Cooke,

 3    Director of Enforcement for the Board of

 4    Ethics.

 5             MR. SEGALL:  Jordan Segall, staff

 6    attorney, Board of Ethics.

 7             MR. MCHALE:  Bryan McHale, Public

 8    Integrity Compliance Specialist, Board of

 9    Ethics.

10             MR. CREAMER:  Shane Creamer,

11    Executive Director of the Board of Ethics.

12             HEARING OFFICER GLAZER:

13    Ms. Gordon.

14             MS. GORDON:  Tracey Gordon.

15             HEARING OFFICER GLAZER:  Sir.

16             MR. SAWYER:  Andre Sawyer.

17             HEARING OFFICER GLAZER:  Thank

18    you.

19             Good afternoon, everyone.  Today

20    we are gathered to consider Board of

21    Ethics matter No. 1412MU14, J. Shane

22    Creamer, Jr., Executive Director of

23    Philadelphia Board of Ethics versus Tracey

24    Gordon, and to provide Respondent Gordon
```

1    the hearing she has requested in this

2    matter.

3           My name is Richard Glazer.  I am

4    The Board's Hearing Officer presiding over

5    this hearing.

6           The date is Tuesday, August 4th,

7    2015 and the time is 2:30 p.m.  The

8    location of this hearing is the Board of

9    Ethics Conference Room 18-009 located at

10   1515 Arch Street, 18th Floor,

11   Philadelphia, Pennsylvania  19102.

12          This hearing is convened under

13   Section 4-1100 of the Home Rule Charter,

14   Section 20-606(1)(h) of the Philadelphia

15   Code and Board Regulation No. 2.

16          The Board of Ethics has

17   jurisdiction to enforce all provisions of

18   the Charter and Code pertaining to ethical

19   matters including adjudication of alleged

20   violations.  The Board may conduct the

21   hearing, may make findings of violation

22   and may issue civil penalties.

23          On December 12, 2014, the

24   Executive Director served the Respondent,

BOARD OF ETHICS

1    Ms. Tracey Gordon, with a Notice of

2    Administrative Enforcement Proceeding.

3    The Notice alleges that Respondent Gordon

4    solicited gratuities and accepted a

5    gratuity in violation of 10-105 of the

6    Philadelphia Home Rule Charter, engaged in

7    political activity in violation of

8    10-107(3) and 10-107(4) of the Charter and

9    failed to cooperate with The Board and

10    obstructed The Board's investigation in

11    violation of Code Section 20-606(2).

12        The Executive Director is seeking

13    an aggregate civil penalty of $3,800 based

14    on the following:

15        Under Code Section 20-606(1)(h)

16    and Board Regulation No. 8.26 and Charter

17    Section 10-109, a violation of Sections

18    10-105 and 10-107 of the Home Rule Charter

19    subject to a civil penalty of $300 that

20    The Board may impose.

21        The Executive Director is seeking

22    a separate civil penalty of $300 for each

23    of the six counts alleging a violation of

24    Charter Section 10-105 and 10-107.

BARONE 000138

1           Under Code Sections 20-606(1)(h)

2    and 20-1302 in violation of Section

3    20-606(2) is subject to a base penalty of

4    $1,000 which may be reduced or increased

5    subject to mitigating or aggregating

6    factors.  And the Executive Director is

7    seeking a penalty of $2,000 based on an

8    aggregating factor of obstructing a Board

9    investigation that is identified in Code

10   Section 20-1302(1)(b)(iii).

11           Board Regulation No. 2, Paragraph

12   2.13(a) and 2.14 provide Respondent with

13   the right to respond in writing to the

14   Notice of Administrative Enforcement

15   Proceeding and the right to a hearing to

16   contest the allegations in the Notice,

17   which must be requested in Respondent's

18   written response to the Notice by the

19   established deadline.

20           The Board of Ethics's

21   determination once this hearing is

22   completed will be based on whether the

23   Executive Director has met the burden of

24   proof by a preponderance of the evidence.

1    As the party prosecuting the charges of

2    violation, the Executive Director bears

3    the burden of demonstrating by a

4    preponderance of the evidence that it is

5    more likely than not, that is that there

6    is a greater than 50 percent chance, that

7    the facts he alleges are true based on the

8    evidence in the record and that Respondent

9    Gordon committed each alleged violation.

10          I am now going to explain the

11    roles of the various people here.

12          The role of the Hearing Officer:

13          Once again, my name is Richard

14    Glazer, I was formerly the Chair of the

15    Ethics Board from its inception in 2006

16    until 2012.  The Board of Ethics has

17    appointed me as its Hearing Officer.  I

18    will preside over this hearing, including

19    issuing oaths of testimony, ruling on

20    admissibility of evidence and maintaining

21    order, and I will prepare Findings of Fact

22    and Conclusions of Law for The Board's

23    consideration.  I may ask questions of the

24    witnesses and the parties.  As The Board's

```
 1    designee presiding over this hearing, it

 2    is my duty to conduct a fair hearing.  I

 3    will do this by allowing the parties to

 4    present their positions at reasonable

 5    length by listening carefully and

 6    attentively, by maintaining decency and

 7    decorum, by following The Board's

 8    procedures and ensuring an orderly

 9    presentation of the evidence and issues,

10    and by ensuring that a complete record is

11    made of the proceedings.  I may exclude an

12    individual from a hearing or limit the

13    number of persons attending the hearing as

14    necessary to maintain order and

15    efficiency.  Since the Respondent, Ms.

16    Gordon, is proceeding pro se, that means

17    without a lawyer, I'm going to take extra

18    time, if requested, to explain procedures

19    and legal terminology.  While doing this,

20    it is not my intention to unduly delay the

21    proceedings or in any way to treat either

22    party unfairly.

23         The role of the Hearing Officer

24    Counsel:
```

BOARD OF ETHICS

34

1          To my right are three lawyers

2     that are representing the Hearing Officer,

3     they are General Counsel Maya Nayak,

4     Associate General Counsel Diana Lin, and

5     Staff Attorney Ayodeji Perrin who will

6     advise me.

7          The Board observes walls of

8     division to separate its adjudicative from

9     its investigatory and prosecutorial

10    functions.

11          Under the walls of division

12    structure established by The Board, during

13    an administrative enforcement proceeding,

14    such as this, the Executive Director and

15    professional staff or consultants

16    directed by the Executive Director

17    carry out the investigatory and

18    prosecutorial functions.  The individual

19    members of The Board, The Board's Hearing

20    Officer, General Counsel Nayak, Associate

21    General Counsel Lin and Staff Attorney

22    Perrin carry out the adjudicative

23    functions.

24          The Board of Ethics observes the

BARONE 000142

1   walls of divisions with respect to all of

2   its adjudicative enforcement matters and

3   has observed the walls of division in this

4   particular matter No. 1412MU14.

5          Next, the role of the court

6   reporter:

7          This hearing is being

8   transcribed.  The court reporter is Erica

9   Hearn.  The Board Members will rely upon

10  the transcript in their deliberations on

11  this matter.  Please speak loudly, slowly

12  and clearly so that Erica Hearn can make

13  an accurate record.  It is my

14  understanding that this transcript will

15  become public after The Board renders its

16  final determination in this matter.  As

17  Hearing Officer, only I can direct the

18  court reporter to go off the record.  It

19  is only when I so indicate that the court

20  reporter should abstain from taking notes.

21  A statement by parties or attorneys that

22  what they are saying is off the record

23  must be ignored by the court reporter.

24          This is the outline of what we're

BOARD OF ETHICS

36

1    going to go through.  The hearing is going

2    to proceed as follows:

3            First, any preliminary motions or

4    matters will be raised, and then there

5    will be an opening statement first by the

6    Executive Director and then the Respondent

7    can make an opening statement.  After the

8    opening statements, there will be

9    presentation of facts, witnesses and

10   exhibits.  Each party has an opportunity

11   for cross-examination of the other party's

12   evidence.  The Executive Director would go

13   first, the Respondent next in terms of

14   presentation of facts and evidence and any

15   documents, and then finally at the end

16   there will be summations by the Executive

17   Director and the Respondent.

18           Here are the policies relating to

19   this proceeding, and I talked about this

20   briefly, sir, before and that has to do

21   with confidentiality, and please pay close

22   attention:

23           As the parties have previously

24   been advised, Section 20-606(1)(i), the

BARONE 000144

BOARD OF ETHICS

```
1      City Code and Board Regulation 2,

2      Paragraph 2.15(a) require that The Board's

3      administrative enforcement proceedings,

4      including filings of testimony, are

5      confidential while the adjudication is

6      pending unless the Respondent provides

7      written consent to a public proceeding,

8      which the Respondent in this matter,

9      Ms. Gordon, has not done, therefore, this

10     hearing is confidential.

11             The Board, Board staff and I

12     shall not make the proceeding public or

13     disclose any information about it, except

14     as necessary to carry out their duties.

15     Likewise, Respondent Gordon must keep this

16     proceeding confidential.  Respondent

17    Gordon may not disclose information

18     related to this proceeding that she has

19     obtained from The Board or the staff or

20     the proceeding such as the testimony of

21     witnesses.  Board Regulation 2, Paragraph

22     2.15(b)(ii) provides two exceptions:  One,

23     Respondent Gordon may make such

24     disclosures as are necessary to
```

1    participate in the proceeding or to seek

2    legal advice or representation.  And, two,

3    Respondent Gordon may disclose information

4    relating to this proceeding that she has

5    obtained from a source other than The

6    Board, Board staff, or the proceeding

7    itself.

8              Finally, all witnesses are bound

9    to keep this proceeding confidential.

10             And, sir, you're not a witness

11   and you're not a party, but this will also

12   apply to you as well.

13             A witness may not disclose

14   information related to this proceeding

15   that the witness has obtained from The

16   Board, Board staff, or the proceeding.

17   Witnesses are not to disclose anything

18   they observe that occurs during this

19   proceeding, including the testimony of

20   other witnesses.  However, Board

21   Regulation 2, Paragraph 2.15(b)(iii)

22   provides that a witness may, one, make

23   such disclosures as are necessary to

24   participate in the proceeding or to seek

BOARD OF ETHICS

1    legal advice, and, two, disclose

2    information related to a proceeding that

3    the witnesses obtained from a source other

4    than The Board, Board staff, or proceeding

5    itself.  Once The Board has served notice

6    of its final determination on the

7    Respondent, this adjudication will no

8    longer be pending and The Board and Board

9    staff, Respondent Gordon, and witnesses

10   may disclose any information about the

11   proceeding.

12        Next is ex parte communications.

13   The parties, that is the Executive

14   Director, Counsel for Executive Director,

15   and Respondent Gordon, must not engage in

16   any substantive ex parte communication

17   with any member of The Board, with me as

18   Hearing Officer, the general counsel,

19   Ms. Nayak, or with other general counsel

20   staff concerning this administrative

21   enforcement proceeding.  The opposing

22   party should be present or copied on all

23   communications you may have with us about

24   the substance of these proceedings.

BOARD OF ETHICS

1    Communicating with us regarding the issue,

2    such as scheduling without including

3    opposing party, would not be a substantive

4    ex parte communication.

5          Offering and admitting evidence:

6          The Board and I, as its Hearing

7    Officer, are not bound by technical Rules

8    of Evidence in administrative enforcement

9    proceedings.  And I will admit on The

10   Board's behalf all relevant evidence of

11   reasonably probative value.  First, I

12   specifically address hearsay evidence

13   which involves a statement made outside

14   this hearing that is offered in this

15   hearing as evidence to prove the truth of

16   the matter asserted.  After hearing brief

17   argument on the hearsay objection, I may

18   choose to defer the ruling on the

19   objection and allow the party offering the

20   evidence to present the evidence.  I note

21   the Rule regarding hearsay evidence the

22   Pennsylvania Supreme Court has established

23   regarding administrative agency hearings.

24   One, hearsay evidence properly objected to

1    is not competent evidence to support a

2    finding of fact by an administrative

3    agent.  Two, hearsay evidence admitted

4    without objection will be given its

5    natural probative effect and may support a

6    finding of fact if it is corroborated by

7    any competent evidence in the record.

8    Three, a finding of fact based solely on

9    hearsay, even though admitted without

10   objection, will not stand.

11        Second, as Hearing officer, I may

12   take official notice of relevant laws and

13   additional regulations and judicially

14   permissible facts, facts of public

15   knowledge, and physical, technical and

16   scientific facts within The Board's

17   specialized knowledge.

18        Third, it is within my

19   discretion to accept on behalf of The

20   Board copies and excerpts of documents and

21   other records if the original is not in

22   the possession of a party or readily

23   available.

24        I note that Regulation No. 2,

BOARD OF ETHICS

1    Paragraph 2.17(a)(v) represents that the

2    Executive Director and Respondent must not

3    offer any contested evidence at the

4    hearing, other than from witnesses and

5    documents identified in prehearing

6    exchanges and memorandum filings provided

7    that The Board or I, as its Hearing

8    Officer, may grant exceptions for good

9    cause shown.

10           Adjournments and recesses:

11           I plan to adjourn at

12    approximately 5:00 p.m. each afternoon.  I

13    will adjourn slightly earlier if we reach

14    a sensible breaking point or slightly

15    later so as not to interrupt the taking of

16    testimony.  I will take brief recesses to

17    provide our court reporter with a needed

18    break.  I will also consider requests from

19    the parties to recess for brief periods.

20    It is within my discretion to grant or

21    deny a request for adjournment or recess.

22    Based on the availability of prior

23    counsel, we had scheduled to reconvene at

24    11:30 a.m. each morning.

1          Would either party object to

2    reconvening at 9:30 a.m. for the remaining

3    days of this hearing?

4          MR. COOKE:  Mr. Hearing Officer,

5    could we defer that decision until the

6    conclusion of today's hearing?  I think

7    we'll have a better sense if there's

8    anything we feel like we might need to use

9    that time for.

10         HEARING OFFICER GLAZER:  Okay.

11   Ms. Gordon?  In other words --

12         MS. GORDON:  I know what it --

13         HEARING OFFICER GLAZER:  Okay.

14         MS. GORDON:  I am not going to

15   proceed with this hearing without an

16   attorney.  I'm not going to do that.

17   Because I may say something incriminating,

18   it's not fair.  So, I'm not going to

19   proceed at all today.  I need an attorney.

20   I don't know the technicality.  You are

21   four of the best attorneys in the city.  I

22   have none.

23         HEARING OFFICER GLAZER:  Would

24   you like me to explain the consequences of

BOARD OF ETHICS

1   your not proceeding?

2          MS. GORDON:  Yes.

3          HEARING OFFICER GLAZER:  Okay.

4   Your failure to participate, having

5   requested this hearing in the first place,

6   would result in your waiving your right to

7   a hearing.  Under Board Regulation No. 2,

8   Supplemental Procedures Memo, Section 5,

9   if a Respondent, that would be you, does

10  not request a hearing, the Executive

11  Director may file a Brief in support of

12  the Notice of Administrative Enforcement

13  Proceeding.  Because there will not be a

14  hearing without you present, we are going

15  to utilize The Board's procedures that

16  apply as a result of the Respondent not

17  requesting a hearing.

18          And what's going to happen will

19  be The Board's going to grant the

20  Executive Director 14 days to file a Brief

21  in support of his Notice of Administrative

22  Enforcement Proceeding.  The Executive

23  Director may attach to the Brief exhibits,

24  such as deposition transcripts, documents

BOARD OF ETHICS

1    and affidavits.  You, the Respondent, can

2    file a Brief in response to that within 14

3    days of the service of the Executive

4    Director's Brief.  Then the Board of

5    Ethics themselves will deliberate on the

6    Briefs and determine by a preponderance of

7    the evidence whether violations of

8    applicable law occurred and The Board will

9    assess penalties for any such violation.

10   The Board will serve notice of its final

11   determination on the Respondent.

12         Do you understand?

13         MS. GORDON:  Yes, sir.

14         HEARING OFFICER GLAZER:  All

15   right.

16         Would the Executive Director want

17   to say anything before Ms. Gordon leaves?

18         MS. GORDON:  And what is the

19   appeal process of that?

20         HEARING OFFICER GLAZER:  The --

21         MS. GORDON:  Of the findings?

22         HEARING OFFICER GLAZER:  My

23   counsel advises me that we should not be

24   giving you legal advice, but we can tell

1    you and we would urge you to get legal

2    advice on it, that --

3            MR. SAWYER:  She's just

4    requesting the protocols.

5            HEARING OFFICER GLAZER:  -- The

6    Board's procedure, The Board's decision is

7    final.  There are rights of appeal to

8    certain courts, but you would need to get

9    counsel to advise you on that.

10           MS. GORDON:  Thank you.

11           And that will be put in writing

12   to me, what you just read?

13           MR. SAWYER:  The transcript.

14           HEARING OFFICER GLAZER:  The

15   transcript will be available to you.

16           MS. GORDON:  Okay.  Thank you.

17           MR. COOKE:  Do I understand that

18   you have made a decision that even if the

19   Executive Director requests an

20   opportunity --

21           (At this time, Ms. Gordon left

22   the hearing room.)

23           MR. COOKE:  -- to utilize the

24   hearing to take testimony, that that is

BOARD OF ETHICS

```
 1    not the procedure that you are going to

 2    follow?

 3             HEARING OFFICER GLAZER:  We feel

 4    comfortable that the failure to

 5    participate, the leaving of a hearing, is

 6    tantamount to waiving.

 7             MR. COOKE:  I completely agree

 8    that it constitutes waiver.  You know, my

 9    view is that just because she has waived

10    the right to hearing does not mean that

11    The Board is precluded from holding a

12    hearing.

13             4-1100 of the Charter

14    specifically provides that The Board can

15    convene hearings.  Other administrative

16    agencies in similar contexts will proceed

17    with the hearing if the Respondent fails

18    to appear, but you've made your decision.

19    I don't want to belabor the point.

20             HEARING OFFICER GLAZER:  I'm

21    happy to confer with counsel.

22             Do you have anything to provide

23    to us in terms of legal authority?

24             MR. COOKE:  Yes, I do.  But, I
```

BOARD OF ETHICS

```
1    mean, Ms. Gordon has left now with the

2    understanding that this is going to be

3    handled on Briefs.  So, I think it's kind

4   of difficult for us to change that.

5            HEARING OFFICER GLAZER:  I mean,

6    would it have been nice if the language

7    specifically said once having requested a

8    hearing and failing to show up will be

9    deemed a waiver?  Yes, it would be nice if

10   it said that, but we see it as being on

11   equal footing with not having requested a

12   hearing in the first place, in which case,

13   it would have been handled on -- you

14   couldn't have had a hearing if she didn't

15   request one, correct?

16            MR. COOKE:  Correct.

17            HEARING OFFICER GLAZER:  Okay.

18            MR. COOKE:  Correct.

19            HEARING OFFICER GLAZER:  Okay.

20   We see it on equal footing --

21            MR. COOKE:  I think that's

22   correct.

23            HEARING OFFICER GLAZER:  -- with

24   her not -- that's correct.
```

BOARD OF ETHICS

1            MR. COOKE:  Okay.

2            HEARING OFFICER GLAZER:  Okay.

3            Off the record.

4            (A discussion was held off the

5     record.)

6            HEARING OFFICER GLAZER:  I have a

7     final statement.

8            I would to thank the Executive

9     Director for taking the time to prepare

10    for and for appearing at this hearing.

11            I thank the court reporter for

12    transcribing this proceeding.

13            The Respondent having appeared

14    and refusing to participate and

15    voluntarily leaving, this hearing is now

16    adjourned.

17            General counsel, our staff, will

18    provide a copy of this hearing transcript

19    to the parties.

20            Thank you.

21            MR. COOKE:  May I clarify the

22    date on which a Brief is due, is it two

23    weeks from today?

24            HEARING OFFICER GLAZER:  14 days

BOARD OF ETHICS

```
 1    from -- well, let me ask you from

 2    receiving the transcript to how much time

 3    would you like?

 4             MR. COOKE:  Well, two weeks from

 5    receiving the transcript will be fine.

 6    I'm going to be out of town next week.  Do

 7    you know how long it would take to do the

 8    transcript?

 9             COURT REPORTER:  Two weeks is the

10    normal, ten business days.

11             MR. COOKE:  Then that should be

12    fine.

13             HEARING OFFICER GLAZER:  Thank

14    you.

15             (Hearing adjourned at 2:55 p.m.)

16

17

18

19

20

21

22

23

24
```

BOARD OF ETHICS

51

C E R T I F I C A T I O N

I, ERICA CRAGER HEARN, Professional Court

Reporter and Notary Public, do hereby certify that

the foregoing is a true and accurate transcript of

the stenographic notes taken by me in the

aforementioned matter.

- - -

DATE:  AUGUST 5, 2015    _____

ERICA CRAGER HEARN

BOARD OF ETHICS

## A

**ability** 6:8 9:7 10:8
10:10 12:5 16:18
**able** 4:11 5:4 6:20
7:20 9:15 13:11
15:12,13,14,22
19:23 20:2,3 21:18
22:4
**abstain** 35:20
**accept** 41:19
**accepted** 30:4
**access** 20:13
**accurate** 35:13 51:7
**accused** 17:21
**activity** 30:7
**additional** 41:13
**address** 13:1 14:4
16:18 40:12
**adhere** 17:10
**adjourn** 42:11,13
**adjourned** 49:16
50:15
**adjournment** 42:21
**Adjournments** 42:10
**adjudication** 12:21
29:19 37:5 39:7
**adjudicative** 34:8,22
35:2
**Administration**
16:12
**administrative** 11:3
12:21 22:17 30:2
31:14 34:13 37:3
39:20 40:8,23 41:2
44:12,21 47:15
**admissibility** 32:20
**admit** 40:9
**admitted** 41:3,9
**admitting** 40:5
**adversary** 17:13
**advice** 20:9 38:2 39:1
45:24 46:2
**advise** 7:24 34:6 46:9
**advised** 36:24
**advises** 45:23
**Advisory** 16:21
**affect** 7:2

**Affidavit** 10:11
**affidavits** 45:1
**Affirm** 14:9
**afford** 16:3 17:4 20:4
22:9 24:15
**afforded** 18:23
**aforementioned** 51:9
**afternoon** 28:19
42:12
**agencies** 47:16
**agency** 40:23
**agent** 41:3
**aggregate** 30:13
**aggregating** 31:5,8
**ago** 21:20
**agree** 14:11 47:7
**agreement** 19:4
**allegations** 8:18
24:22 31:16
**alleged** 29:19 32:9
**alleges** 30:3 32:7
**alleging** 30:23
**allow** 6:2 16:7 21:6
40:19
**allowing** 33:3
**amenable** 6:3
**Amendment** 17:6
**amount** 21:21
**Andre** 2:24 12:14
28:16
**answer** 4:12 8:17
**anticipated** 9:10
**apologize** 14:22 15:2
26:2
**appeal** 45:19 46:7
**appealed** 24:2
**appear** 6:5 8:12 9:6,7
9:12 10:21 12:4
47:18
**appearance** 21:24
**appeared** 49:13
**appearing** 49:10
**applicable** 45:8
**applied** 22:13
**apply** 38:12 44:16
**appointed** 32:17
**approached** 19:3

**approximately** 42:12
**Arch** 1:5,15 29:10
**argument** 40:17
**asked** 4:2
**asking** 4:1 24:5,14
**asserted** 40:16
**assess** 45:9
**assistance** 13:5 24:18
**Associate** 2:6 34:4,20
**assured** 17:16
**attach** 44:23
**attain** 15:5
**attend** 5:4
**attendance** 5:22
**attending** 33:13
**attention** 36:22
**attentively** 33:6
**attorney** 2:7,14 3:20
12:16 13:11 15:14
15:21 17:5 19:17,23
20:2,4,20 21:7,22
24:12,15 28:6 34:5
34:21 43:16,19
**attorneys** 15:6 19:17
21:23 24:10,10
35:21 43:21
**August** 1:17 29:6
51:22
**authority** 47:23
**automatically** 23:24
**availability** 7:2 42:22
**available** 5:7 7:8,19
41:23 46:15
**avoid** 11:23
**Ayodeji** 2:7 3:19 34:5
**a.m** 1:17 42:24 43:2

## B

**back** 4:20 6:14 7:3
**bar** 8:23
**base** 31:3
**based** 15:23 19:10,13
21:15 25:11 30:13
31:7,22 32:7 41:8
42:22
**bears** 32:2
**began** 5:3,8 8:21

**beginning** 5:23
**behalf** 5:16 40:10
41:19
**belabor** 47:19
**belief** 18:8
**believe** 10:7 23:4
**best** 15:19 18:2 19:21
26:12 43:21
**better** 43:7
**bills** 24:8
**binders** 24:21
**Black** 17:8
**Board** 1:1,4,14 3:5
3:19 4:3,4 9:20
15:16 16:2 21:7
22:18 24:2,3 25:10
25:13 28:3,6,8,11
28:20,23 29:8,15,16
29:20 30:9,16,20
31:8,11,20 32:15,16
34:7,12,19,24 35:9
35:15 37:1,11,11,19
37:21 38:6,6,16,16
38:20 39:4,4,5,8,8
39:17 40:6 41:20
42:7 44:7 45:4,8,10
47:11,14
**Board's** 12:18 29:4
30:10 32:22,24 33:7
34:19 37:2 40:10
41:16 44:15,19 46:6
46:6
**bound** 38:8 40:7
**box** 4:10
**break** 27:12,18 42:18
**breaking** 42:14
**brief** 6:1,17 9:22
10:13 40:16 42:16
42:19 44:11,20,23
45:2,4 49:22
**briefly** 36:20
**Briefs** 45:6 48:3
**Bryan** 2:15 28:7
**burden** 31:23 32:3
**business** 50:10
**busy** 15:7

**C**

C 2:1 51:1,1
call 3:9
called 3:7 4:9 9:1
    10:7 15:1 16:22
capable 16:19
carefully 33:5
carry 16:13 34:17,22
    37:14
case 6:9 9:3 13:14,15
    15:11 17:1 18:23
    19:24 23:22 48:12
cause 6:8 42:9
certain 46:8
certainly 5:24 11:4
    21:10,12
certify 51:6
Chair 32:14
challenge 16:18
chance 7:14 25:7
    32:6
change 48:4
charge 19:5,9,10
charged 18:1,10
charges 16:13,15,19
    19:5 23:8 32:1
Charter 29:13,18
    30:6,8,16,18,24
    47:13
choose 12:3 40:18
chooses 9:3
circumstances 15:23
    22:8,16 24:16
city 1:1,14 16:3,12
    25:9,11 37:1 43:21
civil 17:3,14 18:17
    22:9,17 29:22 30:13
    30:19,22
clarify 49:21
clearly 16:24 35:12
close 13:8 36:21
Code 29:15,18 30:11
    30:15 31:1,9 37:1
come 7:3 20:17
comes 25:4
comfortable 47:4
coming 13:9

commencing 1:17
Commission 25:12
    25:14
committed 10:21
    32:9
Committee 16:21
communicating 14:8
    40:1
communication
    39:16 40:4
communications
    39:12,23
community 19:9 25:2
    25:3
competent 41:1,7
complete 33:10
completed 31:22
completely 47:7
Compliance 2:16
    28:8
comprehensive 16:10
concern 13:2
concerned 10:10
concerning 39:20
conclude 23:14
conclusion 17:9 43:6
Conclusions 32:22
conduct 9:15 29:20
    33:2
confer 9:11,24 47:21
Conference 1:15 29:9
confidant 13:8
confide 13:16
confidence 22:2
confidential 37:5,10
    37:16 38:9
confidentiality 12:17
    14:1,6 36:21
confused 5:2
consent 37:7
consequences 43:24
consider 28:20 42:18
consideration 24:20
    32:23
constitutes 47:8
Constitution 17:7
constitutional 15:19

16:23
consultants 34:15
consulted 27:2
contact 7:23
contest 31:16
contested 42:3
context 22:9,14,17
contexts 47:16
continuance 21:6
    23:2,17 26:7
continue 16:15 18:24
    23:1
continued 22:3
convene 47:15
convened 29:12
Cooke 2:13 5:13,15
    6:23 7:6,14,16 8:4,9
    9:14,18 10:2,18,20
    11:15,19 12:7,15
    14:16,17 19:22 21:1
    21:2 28:2,2 43:4
    46:17,23 47:7,24
    48:16,18,21 49:1,21
    50:4,11
Cooke's 13:2
cooperate 30:9
copied 3:23 39:22
copies 41:20
copy 49:18
correct 9:17 23:4
    48:15,16,18,22,24
corroborated 41:6
counsel 2:4,5,6 3:24
    12:22 15:4 16:10
    17:3,17 18:11,16
    19:2,3 21:12,13,18
    22:5,16,20 27:2,24
    33:24 34:3,4,20,21
    39:14,18,19 42:23
    45:23 46:9 47:21
    49:17
countries 18:13
counts 30:23
couple 8:4
course 5:18 6:6 22:6
    22:12 23:9
court 1:13,21 15:3

17:2,15 18:14 20:6
    24:15 35:5,8,18,19
    35:23 40:22 42:17
    49:11 50:9 51:5
courts 17:9 18:9
    22:15 46:8
CRAGER 1:13 51:5
    51:24
Creamer 1:3 2:12 3:4
    28:10,10,22
crime 17:21 18:1,11
criminal 17:3,14 18:9
    22:14
critical 18:20
cross-examination
    36:11
cross-examine 9:1
current 16:5,6,17
currently 5:20 16:1
    24:16,18
cut 25:21

**D**

damage 6:8
damaging 19:7 25:1
date 14:23 18:21 29:6
    49:22 51:22
dates 5:2
day 5:7 6:6 9:2 27:9
days 43:3 44:20 45:3
    49:24 50:10
deadline 31:19
deal 19:13
December 21:19
    29:23
decency 33:6
decision 43:5 46:6,18
    47:18
Declaration 10:12
decline 22:21
decorum 33:7
deemed 8:2 17:22
    18:11 48:9
Default 16:23
defend 18:6 20:15
    25:8 27:6
defendants 16:22,24

BOARD OF ETHICS

17:4,21 18:1,5
**defenses** 18:4
**defer** 40:18 43:5
**delay** 5:23 6:17 33:20
**deliberate** 45:5
**deliberations** 35:10
**demonstrating** 32:3
**denies** 8:18
**deny** 26:6 42:21
**depose** 12:5
**deposition** 20:11,12
20:24
**designee** 33:1
**desire** 21:11
**detail** 14:15
**determination** 31:21
35:16 39:6 45:11
**determine** 45:6
**Diana** 2:6 34:4
**difficult** 22:7 48:4
**difficulty** 22:11
**diligently** 19:1
**direct** 16:10 35:17
**directed** 34:16
**Director** 1:4 2:12,13
3:4 5:12,15,17 6:19
9:2 10:3 28:3,11,22
29:24 30:12,21 31:6
31:23 32:2 34:14,16
36:6,12,17 39:14,14
42:2 44:11,20,23
45:16 46:19 49:9
**Director's** 8:10 45:4
**disclose** 37:13,17
38:3,13,17 39:1,10
**disclosures** 37:24
38:23
**discretion** 41:19
42:20
**discuss** 18:22
**discussed** 23:12
**discussion** 6:12 7:11
26:23 49:4
**discussions** 23:10
**disposition** 16:5
**dispute** 16:15
**disrespecting** 15:3,4

**division** 34:8,11 35:3
**divisions** 35:1
**documents** 16:13
36:15 41:20 42:5
44:24
**doing** 33:19
**down-play** 22:10
**drop** 19:4
**dropping** 23:8
**due** 16:7 20:5 49:22
**duties** 37:14
**duty** 33:2

**E**

**E** 2:1,1 51:1
**earlier** 42:13
**easy** 24:8
**effect** 41:5
**efficiency** 11:7 33:15
**effort** 26:9
**eight** 21:20
**either** 10:11 33:21
43:1
**electric** 24:7
**email** 3:23 4:1 8:8
**enforce** 29:17
**enforcement** 2:10,13
5:16 23:6 28:3 30:2
31:14 34:13 35:2
37:3 39:21 40:8
44:12,22
**engage** 39:15
**engaged** 30:6
**ensuring** 33:8,10
**entered** 21:24
**equal** 48:11,20
**Erica** 1:13 35:8,12
51:5,24
**ERSA** 1:21
**especially** 10:5
**essential** 17:23 18:12
**established** 31:19
34:12 40:22
**ethical** 29:18
**ethics** 1:1,4,15 3:5,19
4:3 15:16 16:2 25:5
28:4,6,9,11,21,23

29:9,16 32:15,16
34:24 45:5
**Ethics's** 31:20
**everybody** 20:1,3
**evidence** 31:24 32:4
32:8,20 33:9 36:12
36:14 40:5,8,10,12
40:15,20,20,21,24
41:1,3,7 42:3 45:7
**ex** 39:12,16 40:4
**exceptions** 37:22
42:8
**excerpts** 41:20
**exchanges** 42:6
**exclude** 33:11
**Executive** 1:4 2:12
3:4 5:11,16 6:18
8:10 9:2 10:3 28:11
28:22 29:24 30:12
30:21 31:6,23 32:2
34:14,16 36:6,12,16
39:13,14 42:2 44:10
44:20,22 45:3,16
46:19 49:8
**exhibits** 36:10 44:23
**experience** 21:15
**expert** 20:9
**explain** 13:18 26:9
32:10 33:18 43:24
**explained** 17:8
**explaining** 14:14
**extended** 18:15 22:15
**extensive** 21:21
**extra** 33:17

**F**

**F** 51:1
**faces** 22:12
**fact** 12:1 21:4,17,23
22:5 32:21 41:2,6,8
**factor** 31:8
**factors** 31:6
**facts** 32:7 36:9,14
41:14,14,16
**fail** 18:2
**failed** 30:9
**failing** 9:5 48:8

**fails** 47:17
**failure** 9:12 12:4 44:4
47:4
**fair** 17:16 18:12 33:2
43:18
**families** 24:11
**far** 11:12
**federal** 17:19
**feed** 24:11
**feel** 8:14 15:19 23:15
43:8 47:3
**felony** 18:16
**felt** 19:12 20:14
**file** 3:22 44:11,20
45:2
**filed** 8:17
**filing** 9:22
**filings** 37:4 42:6
**finable** 25:16
**final** 23:3 35:16 39:6
45:10 46:7 49:7
**finally** 36:15 38:8
**financial** 15:10 16:17
**find** 19:23 20:2 21:6
21:21
**finding** 41:2,6,8
**findings** 24:1 29:21
32:21 45:21
**fine** 14:17 16:13 50:5
50:12
**fines** 24:3
**fired** 25:17
**first** 14:22 23:22 25:4
36:3,5,13 40:11
44:5 48:12
**five** 27:14
**Floor** 1:5,16 29:10
**folks** 22:8
**follow** 47:2
**following** 30:14 33:7
**follows** 36:2
**footing** 48:11,20
**Force** 16:21
**foregoing** 51:7
**form** 10:12
**formerly** 32:14
**forward** 22:6 26:10

BOARD OF ETHICS

27:7,10
**four** 43:21
**free** 17:3 18:16
**friend** 13:8
**fulfill** 14:5
**full** 4:11 24:21
**fully** 9:6
**functions** 34:10,18
  34:23
**fundamental** 18:12
**further** 18:22

**G**

**gathered** 28:20
**general** 2:4,5,6 3:24
  34:3,4,20,21 39:18
  39:19 49:17
**generated** 16:16
**genuine** 17:10
**Gideon** 17:1 18:17
  22:13
**give** 13:12
**given** 8:16 12:16
  15:15 41:4
**giving** 45:24
**Glazer** 2:3 3:1,2,15
  4:6,14,20 5:9 6:10
  6:14 7:4,13,22 8:7
  9:9,16,19 10:14,19
  11:9,16 12:2,8,24
  13:17,23 14:3,10,13
  14:18 20:21,24
  23:20 25:20,23 26:3
  26:4,15,18 27:1,13
  27:17,20 28:12,15
  28:17 29:3 32:14
  43:10,13,23 44:3
  45:14,20,22 46:5,14
  47:3,20 48:5,17,19
  48:23 49:2,6,24
  50:13
**go** 7:1 15:20 19:16
  22:6 26:10 27:7,10
  27:22 35:18 36:1,12
**going** 3:9 9:11,24
  13:5,18 14:14 19:13
  19:20,23 26:6,8

27:7,8,9,10,15
32:10 33:17 36:1,1
43:14,16,18 44:14
44:18,19 47:1 48:2
50:6
**good** 28:19 42:8
**Google** 25:3
**Gordon** 1:7 2:20 3:6
  3:10,21 5:1 6:5 7:24
  8:12,17 12:13 13:1
  13:7 14:19,21 20:23
  21:5,17 22:4,12,20
  23:6,18,21 25:21,22
  26:1,14,17,20 27:11
  27:16 28:13,14,14
  28:24,24 30:1,3
  32:9 33:16 37:9,15
  37:17,23 38:3 39:9
  39:15 43:11,12,14
  44:2 45:13,17,18,21
  46:10,16,21 48:1
**Gordon's** 21:11
**gotten** 25:7
**government** 18:4
**Governments** 17:19
**grant** 6:17 42:8,20
  44:19
**gratuities** 30:4
**gratuity** 30:5
**great** 26:8,9
**greater** 32:6
**guilty** 19:13 24:13
  25:6,12

**H**

**haled** 17:15
**handled** 48:3,13
**handout** 24:20
**hanging** 20:8
**happen** 8:5 44:18
**happy** 11:5 47:21
**head** 15:9
**hear** 13:13
**heard** 13:13
**hearing** 1:12 2:2 3:1
  3:2,7,13,15 4:2,6,14
  4:18,20 5:3,4,6,8,9

5:14,24 6:10,14,16
7:4,13,17,22 8:3,7
8:13,22,24 9:8,9,13
9:16,19,23 10:14,16
10:19 11:4,9,16
12:2,8,11,14,21,24
13:17,23 14:3,10,13
14:18 15:20 20:21
20:24 21:3,14 22:21
23:20 25:20,23 26:4
26:5,15,18,19,22
27:1,4,7,13,17,20
28:12,15,17 29:1,4
29:5,8,12,21 31:15
31:21 32:12,17,18
33:1,2,12,13,23
34:2,19 35:7,17
36:1 37:10 39:18
40:6,14,15,16 41:11
42:4,7 43:3,4,6,10
43:13,15,23 44:3,5
44:7,10,14,17 45:14
45:20,22 46:5,14,22
46:24 47:3,5,10,12
47:17,20 48:5,8,12
48:14,17,19,23 49:2
49:6,10,15,18,24
50:13,15
**hearings** 13:21 40:23
  47:15
**Hearn** 1:13 35:9,12
  51:5,24
**hearsay** 15:23 19:10
  40:12,17,21,24 41:3
  41:9
**held** 6:12 7:11 26:23
  49:4
**help** 13:6
**hire** 17:4,15 18:2,6
  24:10
**hires** 18:5
**holding** 47:11
**Home** 29:13 30:6,18
**Honor** 26:2
**hour** 6:2
**house** 24:7
**Hugo** 17:8

**I**

**identified** 31:9 42:5
**identify** 3:16 27:21
  28:1
**ignored** 35:23
**imagine** 24:6
**impair** 10:8
**impedes** 16:17
**important** 8:15
**impose** 30:20
**inability** 16:9
**inception** 32:15
**inclined** 6:16
**including** 29:19
  32:18 37:4 38:19
  40:2
**increased** 31:4
**incriminating** 43:17
**indefinitely** 22:3
**indicate** 35:19
**indications** 18:7
**indigent** 16:5,22,24
**individual** 33:12
  34:18
**inform** 4:3
**information** 37:13,17
  38:3,14 39:2,10
**initiated** 21:19
**innocence** 15:13
**instructing** 7:23
**Integrity** 2:15 28:8
**intention** 33:20
**interest** 11:6 15:20
  17:23
**interrupt** 42:15
**investigation** 23:23
  25:15 30:10 31:9
**investigatory** 34:9,17
**involve** 23:8
**involved** 18:17
**involves** 40:13
**issue** 14:1 29:22 40:1
**issued** 16:20
**issues** 33:9
**issuing** 32:19

**J**

BOARD OF ETHICS

**J** 1:3 2:12,13 3:3
  28:21
**jeopardize** 5:21
**joined** 12:14
**joining** 8:24
**Jordan** 2:14 28:5
**Jr** 1:3 2:12 3:4 28:22
**judge** 26:5
**judicially** 41:13
**jurisdiction** 29:17
**justice** 17:8,11,14
**juvenile** 18:18

**K**

**keenly** 22:7
**keep** 19:6 37:15 38:9
**kind** 48:3
**know** 7:1,3 11:6
  12:22 19:19 20:17
  43:12,20 47:8 50:7
**knowledge** 41:15,17
**knows** 13:14

**L**

**landmark** 17:1
**language** 48:6
**law** 32:22 45:8
**laws** 41:12
**lawyer** 17:16 33:17
**lawyers** 17:21 18:3,5
  18:6,8 34:1
**leader** 25:2
**leave** 4:11
**leaves** 45:17
**leaving** 47:5 49:15
**left** 46:21 48:1
**legal** 16:4,11 18:22
  19:2 33:19 38:2
  39:1 45:24 46:1
  47:23
**length** 33:5
**letter** 19:21
**lieu** 9:23
**Likewise** 37:15
**limit** 33:12
**Lin** 2:6 34:4,21
**lines** 21:8

**listening** 33:5
**little** 14:15
**located** 29:9
**location** 29:8
**long** 50:7
**longer** 39:8
**look** 18:24
**looking** 15:11 19:1
  24:19,20
**looks** 25:6
**loudly** 35:11
**luxuries** 18:10

**M**

**machine** 19:16
**maintain** 33:14
**maintaining** 14:6
  32:20 33:6
**mandated** 17:5
**matter** 1:6 3:3 21:18
  22:1,2,5,22 27:4
  28:21 29:2 35:4,11
  35:16 37:8 40:16
  51:9
**matters** 11:3 29:19
  35:2 36:4
**Maya** 2:5 34:3
**McCall** 11:23
**McHale** 2:15 28:7,7
**mean** 24:13 25:4,21
  47:10 48:1,5
**means** 33:16
**member** 7:9 39:17
**members** 34:19 35:9
**Memo** 44:8
**memorandum** 9:21
  42:6
**merit** 16:16
**message** 4:5,12
**met** 31:23
**Michael** 2:13 5:15
  19:22 28:2
**mine** 13:8
**minutes** 13:19 27:15
**misdemeanor** 18:18
**misrepresentation**
  23:5

**misunderstanding**
  23:5
**mitigating** 31:5
**mixed** 14:23
**money** 17:20 18:6
**months** 21:20
**morning** 42:24
**motions** 36:3
**motivated** 25:19

**N**

**N** 2:1 51:1
**name** 3:1,18 25:3
  29:3 32:13
**nation** 17:10
**natural** 41:5
**Nayak** 2:5 34:3,20
  39:19
**necessary** 17:9 33:14
  37:14,24 38:23
**necessities** 18:9
**neck** 20:8
**need** 27:11 43:8,19
  46:8
**needed** 42:17
**nervous** 19:2,15
**nice** 48:6,9
**noose** 20:8
**normal** 50:10
**Notary** 1:13 51:6
**note** 10:2 12:15 21:4
  22:12 40:20 41:24
**noted** 16:12
**notes** 35:20 51:8
**notice** 8:19,19 9:23
  30:1,3 31:14,16,18
  39:5 41:12 44:12,21
  45:10
**number** 3:3,10,22 4:9
  33:13

**O**

**O** 51:1
**oath** 10:24
**oaths** 32:19
**object** 43:1
**objected** 40:24

**objection** 40:17,19
  41:4,10
**objections** 14:16
**obligation** 14:6 22:19
**observe** 38:18
**observed** 35:3
**observes** 34:7,24
**obstructed** 30:10
**obstructing** 31:8
**obtain** 10:10 16:9
**obtained** 37:19 38:5
  38:15 39:3
**obvious** 17:18
**obviously** 4:13 12:5
**occasions** 15:6
**occurred** 45:8
**occurs** 38:18
**offenses** 25:17
**offer** 42:3
**offered** 23:7 40:14
**offering** 40:5,19
**officer** 2:2 3:1,3,15
  4:6,14,20 5:9,14
  6:10,14,16 7:4,13
  7:17,22 8:7 9:9,16
  9:19 10:14,19 11:4
  11:9,16 12:2,8,24
  13:17,23 14:3,10,13
  14:18 20:21,24 21:3
  23:20 25:20,23 26:4
  26:5,15,18 27:1,13
  27:17,20 28:12,15
  28:17 29:4 32:12,17
  33:23 34:2,20 35:17
  39:18 40:7 41:11
  42:8 43:4,10,13,23
  44:3 45:14,20,22
  46:5,14 47:3,20
  48:5,17,19,23 49:2
  49:6,24 50:13
**official** 16:12 41:12
**Okay** 5:9 7:4,22 9:18
  13:22 14:13,18
  23:21 25:22 26:1,14
  27:13,17 43:10,13
  44:3 46:16 48:17,19
  49:1,2

BOARD OF ETHICS

once 31:21 32:13 39:5 48:7
open 23:10
opening 36:5,7,8
opportunity 10:23 16:4 27:6 36:10 46:20
oppose 23:1,16
opposed 21:9
opposing 39:21 40:3
order 32:21 33:14
orderly 17:24 33:8
original 41:21
outline 27:9 35:24
outlined 23:13
outside 14:8 40:13

**P**

P 2:1,1
PA 1:5,8,23
pains 26:8
Paragraph 31:11 37:2,21 38:21 42:1
part 8:16 10:9
parte 39:12,16 40:4
participate 38:1,24 44:4 47:5 49:14
participation 12:20
particular 10:6 21:16 35:4
parties 3:24 27:24 32:24 33:3 35:21 36:23 39:13 42:19 49:19
party 32:1 33:22 36:10 38:11 39:22 40:3,19 41:22 43:1
party's 36:11
passage 6:21
pay 20:17 24:1,6,8 36:21
penalties 29:22 45:9
penalty 30:13,19,22 31:3,7
pending 37:6 39:8
Pennsylvania 1:16 29:11 40:22

people 13:20 32:11
percent 32:6
perception 25:8
periods 42:19
permissible 41:14
permission 13:12
Perrin 2:7 3:18,19 4:7,10,22,24 7:23 8:6 34:5,22
person 17:14
personal 14:24
persons 33:13
pertaining 29:18
pertinent 13:24
petitioning 16:2
Philadelphia 1:1,4,5 1:8,14,16,23 3:5 16:3 28:23 29:11,14 30:6
phone 3:22 4:3
physical 41:15
picture 25:5
place 23:24 27:5 44:5 48:12
plan 42:11
Plaza 1:22
plea 19:4,13
plead 19:13
please 3:17 4:22 5:10 6:15 7:5 26:12 28:1 35:11 36:21
point 8:24 20:16 23:3 23:6 26:11 42:14 47:19
points 25:24
policies 36:18
political 30:7
politically 16:16 25:18
poor 17:15
position 8:11 9:11 10:15 20:18
positions 33:4
possession 41:22
possible 5:5
postpone 5:6
postponement 27:14

postponements 6:7
Potentially 10:18
precluded 47:11
prefer 21:12
preference 8:11
prehearing 11:2 42:5
preliminary 36:3
prepare 18:3 32:21 49:9
prepared 5:18
preponderance 31:24 32:4 45:6
presence 13:3
present 2:22 10:4 11:11,18 13:20 18:4 33:4 39:22 40:20 44:14
presentation 33:9 36:9,14
presently 3:8
preserving 11:12
preside 32:18
presiding 29:4 33:1
previously 36:23
price 15:8
prior 42:22
pro 33:16
probably 6:3
probative 40:11 41:5
problem 20:3
procedure 20:19 46:6 47:1
procedures 9:21 33:8 33:18 44:8,15
proceed 5:19 8:1 11:10 20:7,8,19 26:16,17,21 36:2 43:15,19 47:16
proceeding 21:16 22:18 30:2 31:15 33:16 34:13 36:19 37:7,12,16,18,20 38:1,4,6,9,14,16,19 38:24 39:2,4,11,21 44:1,13,22 49:12
proceedings 14:7 18:19,20 26:10

33:11,21 37:3 39:24 40:9
process 16:6,8 20:18 45:19
professional 34:15 51:5
promised 11:24
proof 15:22 31:24
properly 17:20 40:24
propose 8:21
proposed 6:19
prosecute 17:22 18:5 22:22
prosecuting 32:1
prosecution 18:17
prosecutions 18:18
prosecutorial 34:9,18
protect 17:23
protocols 46:4
prove 15:12 40:15
provide 22:20 28:24 31:12 42:17 47:22 49:18
provided 17:17 42:6
provides 12:20 37:6 37:22 38:22 47:14
provisions 29:17
public 1:14 2:15 24:18 25:6,8 28:7 35:15 37:7,12 41:14 51:6
public's 17:23
put 6:8 8:14 9:2 46:11
p.m 5:5 12:11,12 29:7 42:12 50:15

**Q**

question 14:4
questions 8:5 32:23
quite 17:19

**R**

R 2:1 51:1
raise 11:3,7
raised 36:4
reach 4:24 8:6 42:13

BOARD OF ETHICS

reactions 25:11
read 15:17,24 27:8
  46:12
readily 41:22
ready 26:16,21
real 25:9
reality 21:14
really 19:10
reasonable 33:4
reasonably 40:11
reasons 22:24
receives 4:4
receiving 50:2,5
recess 3:12 4:17
  12:10 42:19,21
recesses 42:10,16
recognize 17:13
recommenced 3:14
  4:19 12:12
recommendations
  24:3 25:16
reconvene 42:23
reconvening 43:2
record 3:16 4:16,21
  4:23 5:10 6:13,15
  7:12 8:16 10:9 13:1
  26:24 27:21,22,23
  32:8 33:10 35:13,18
  35:22 41:7 49:3,5
records 41:21
reduced 31:4
reflections 17:12
refusing 49:14
Reg 9:20
regard 4:2
regarding 40:1,21,23
regret 23:15
regulation 12:18,20
  29:15 30:16 31:11
  37:1,21 38:21 41:24
  44:7
regulations 41:13
rejected 19:11,11
  21:7
related 37:18 38:14
  39:2
relating 36:18 38:4

relevant 40:10 41:12
relinquish 10:23
reluctant 5:23 10:22
  11:10
rely 35:9
remaining 43:2
renders 35:15
report 16:20
reporter 1:13 35:6,8
  35:18,20,23 42:17
  49:11 50:9 51:6
REPORTERS 1:21
represent 21:22
representation 16:4
  16:19 18:23 22:9,14
  38:2
represented 21:11,13
  22:4,23
representing 34:2
represents 42:1
reputation 19:8,8
  20:15 25:1
request 21:8 23:1,16
  26:6 42:21 44:10
  48:15
requested 10:16 21:5
  27:3 29:1 31:17
  33:18 44:5 48:7,11
requesting 44:17
  46:4
requests 42:18 46:19
require 17:12 37:2
requirement 18:15
requirements 12:17
  19:20
research 20:11
respect 14:7 20:5,17
  35:1
respond 31:13
Respondent 1:9 2:18
  3:9 10:17 11:10
  12:23 21:5 28:24
  29:24 30:3 31:12
  32:8 33:15 36:6,13
  36:17 37:6,8,15,16
  37:23 38:3 39:7,9
  39:15 42:2 44:9,16

45:1,11 47:17 49:13
Respondent's 31:17
response 4:7 31:18
  45:2
responsibilities 13:19
rest 8:19
restate 27:3
result 16:5,10 44:6
  44:16
retain 15:5 21:18
return 7:20
Richard 2:3 3:2 29:3
  32:13
right 6:24 8:3 9:7
  18:10 19:15,18
  22:15 31:13,15 34:1
  44:6 45:15 47:10
rights 46:7
role 32:12 33:23 35:5
roles 32:11
room 1:15 29:9 46:22
route 12:3
Rule 29:13 30:6,18
  40:21
ruled 17:2
Rules 40:7
ruling 32:19 40:18

———————————
            S
———————————
S 2:1
Sawyer 2:24 12:14
  12:15 13:18,22 14:2
  14:9,12 28:16,16
  46:3,13
Sawyer's 13:2
saying 24:14 25:9
  35:22
schedule 18:21
scheduled 42:23
scheduling 40:2
scientific 41:16
se 33:16
second 26:20 41:11
Section 9:21 29:13,14
  30:11,15,17,24 31:2
  31:10 36:24 44:8
Sections 30:17 31:1

see 9:12 20:12 48:10
  48:20
seek 38:1,24
seeking 30:12,21
  31:7
Segall 2:14 28:5,5
sending 8:8
sense 43:7
sensible 42:14
sent 3:23
separate 30:22 34:8
series 27:8
seriousness 22:11
serve 11:21 45:10
served 11:24 29:24
  39:5
service 19:9 45:3
services 13:9 16:22
  16:23
set 25:11
settlement 23:7,10
Shane 1:3 2:12 3:4
  28:10,21
share 9:4
short 3:12 4:17 12:10
  27:14,18
show 8:2 48:8
shown 42:9
similar 47:16
Similarly 17:24
Singer 16:11
sir 14:21 28:15 36:20
  38:10 45:13
situation 15:10
six 30:23
skeptical 6:4 21:17
slightly 42:13,14
slowly 35:11
society 17:24
solely 41:8
solicited 30:4
sorry 19:2
sort 15:14
source 38:5 39:3
South 1:21
speak 7:14 35:11
Specialist 2:16 28:8

BOARD OF ETHICS

specialized 41:17
specifically 40:12
  47:14 48:7
specifics 23:12
spend 17:20
spoke 11:22
spoken 7:18
staff 2:4,7,10,14 3:20
  3:24 7:9 23:7 28:5
  34:5,15,21 37:11,19
  38:6,16 39:4,9,20
  49:17
stand 41:10
start 27:12
started 14:20 25:15
state 17:19 22:20
statement 15:18 16:1
  35:21 36:5,7 40:13
  49:7
statements 36:8
states 17:1,6 18:14
status 4:1,4 16:17
stay 6:2
stenographic 51:8
Street 1:5,8,15,21
  29:10
strongest 18:7
structure 34:12
subject 30:19 31:3,5
submitted 10:13
subpoena 11:14,17
  11:24
subsequently 18:15
  22:1
substance 39:24
substantive 39:16
  40:3
sufficient 27:15
Suite 1:22
summations 36:16
sums 17:20
Supplemental 9:20
  44:8
support 9:22 13:9,11
  41:1,5 44:11,21
Supreme 17:2 18:14
  40:22

sure 5:6 7:8 12:18
  15:1
Susan 11:22
suspended 23:24
  25:14
sympathetic 22:7
sympathize 21:10
sympathy 24:5,19,19
system 17:13

              T
T 51:1,1
take 9:10 10:23 12:3
  19:4 26:8 27:11,14
  33:17 41:12 42:16
  46:24 50:7
taken 1:12 3:13 4:18
  12:11 27:19 51:8
talked 36:19
talking 6:1
talks 9:22
tantamount 9:13
  47:6
Task 16:21
technical 40:7 41:15
technicalities 15:15
technicality 43:20
telephone 3:10 5:1
telephoned 3:21
tell 3:17 13:4 45:24
ten 50:10
terminated 24:4
termination 16:11,14
terminology 33:19
terms 36:13 47:23
testify 6:21
testimony 8:16 10:4
  10:9,11,24 11:13
  32:19 37:4,20 38:19
  42:16 46:24
thank 3:11 4:14 5:13
  6:10 7:10,16 12:9
  20:21,23 21:2 28:17
  46:10,16 49:8,11,20
  50:13
Thanks 26:2
thing 11:1 23:19 25:4

things 15:22 27:8
think 19:18 25:23
  43:6 48:3,21
Third 41:18
thought 5:2,8
thoughts 5:11 9:4
three 7:7 34:1 41:8
thrilled 6:7
throw 24:23,24
time 3:12 4:17 6:21
  7:21 12:10,13 18:22
  20:6 21:6,21 23:17
  24:9 27:18 29:7
  33:18 43:9 46:21
  49:9 50:2
today 3:7 5:4 6:5
  8:22 9:6 27:5 28:19
  43:19 49:23
today's 43:6
tomorrow 5:3,7 6:6
  8:22 10:5,7,21 12:1
town 50:6
Tracey 1:7 2:20 3:5,9
  3:21 12:13 28:14,23
  30:1
transcribed 35:8
transcribing 49:12
transcript 1:12 35:10
  35:14 46:13,15
  49:18 50:2,5,8 51:7
transcripts 44:24
treat 33:21
trial 17:16 18:19,19
  20:9
trials 18:12
tried 11:20 15:5
  20:11
true 32:7 51:7
truth 17:18 40:15
try 12:7 17:20 19:21
  26:12
Tuesday 1:17 29:6
two 6:2,23 15:6,6
  21:23 24:21 37:22
  38:2 39:1 41:3
  49:22 50:4,9
types 13:20

              U
unable 8:6 10:3
  11:21 22:8
unconstitutional
  16:7
understand 6:1 11:18
  19:24 23:21 25:10
  26:11 45:12 46:17
understandable
  26:13
understanding 35:14
  48:2
Understood 14:2
unduly 33:20
Unemployment
  24:17
unfairly 33:22
unfortunate 21:14
United 1:22 17:6
  18:14
urge 46:1
use 43:8
utilize 44:15 46:23
U.S 17:2

              V
v 1:6
vacation 15:8
value 40:11
various 32:11
vast 17:20
versus 3:5 28:23
view 10:22 47:9
violating 25:5
violation 29:21 30:5
  30:7,11,17,23 31:2
  32:2,9 45:9
violations 29:20 45:7
voicemail 4:8,8,10,13
voluntarily 49:15
vs 17:1 22:13

              W
Wainwright 17:2
  22:13
wait 11:5
waiting 5:20

BOARD OF ETHICS

waived 8:3 9:6 47:9
waiver 9:13 12:4
  47:8 48:9
waiving 44:6 47:6
walls 34:7,11 35:1,3
want 5:20 15:2 20:6
  20:16 23:3 45:16
  47:19
wanted 11:1,3 14:19
  19:6
wasn't 4:11 15:2,3
  24:24
way 7:2 15:9,12
  25:10 33:21
week 50:6
weeks 49:23 50:4,9
we'll 27:14 43:7
we're 6:1,4 9:24
  27:20 35:24
we've 7:6
wide-spread 18:8
willing 14:5 24:22,24
Windsor 1:8
wish 22:10
withdrawn 22:1
witness 10:6,6,21
  11:13,15,17,20
  38:10,13,15,22
witnesses 5:19,22
  6:20,24 7:7,15,19
  8:13 10:4,5 20:13
  32:24 36:9 37:21
  38:8,17,20 39:3,9
  42:4
witness's 10:8,11
  11:13
words 43:11
work 9:20
writing 31:13 46:11
written 31:18 37:7

Y

year 21:19
yesterday 11:22

$

$1,000 31:4

$2,000 31:7
$3,800 30:13
$300 16:14 30:19,22

1

10-105 30:5,18,24
10-107 30:18,24
10-107(3) 30:8
10-107(4) 30:8
10-109 30:17
11:30 3:8 42:24
11:45 1:17 3:8
12 29:23
12:18 12:11
14 44:20 45:2 49:24
1412MU14 1:6 3:3
  28:21 35:4
1515 1:5,15 29:10
1520 1:22
17th 1:21
18th 1:5,16 29:10
18-009 1:15 29:9
19102 1:5 29:11
19103 1:23
19142 1:8

2

2 9:20 12:18 29:15
  31:11 37:1,21 38:21
  41:24 44:7
2.13(a) 31:12
2.14 31:12
2.15(a) 37:2
2.15(b)(iii) 38:21
2.15(b)(ii) 37:22
2.17(a)(v) 42:1
2:00 5:5 6:17,22 7:20
  8:1,2,12 9:6 11:5
2:04 12:12
2:30 29:7
2:55 50:15
20-1302 31:2
20-1302(1)(b)(iii)
  31:10
20-606(1)(h) 29:14
  30:15 31:1
20-606(1)(i) 36:24

20-606(2) 30:11 31:3
2006 32:15
2011 16:24
2012 32:16
2014 29:23
2015 1:17 29:7 51:22
215 1:24
267-235-0091 3:10

3

30 1:21

4

4 1:17
4th 29:6
4-1100 29:13 47:13

5

5 9:21 44:8 51:22
5:00 42:12
50 32:6
564-1233 1:24

6

6th 17:5
6543 1:8

8

8.26 30:16

9

9:30 43:2