# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS BARONE | : | CIVIL ACTON No. 2:23-cv-02821 |
| Plaintiff, | : | |
| vs. | : | |
| CITY OF PHILADELPHIA, ET AL. | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2026, upon consideration of Defendants, City of Philadelphia and Tracey L. Gordon's Motion in Limine to Preclude improper opinion testimony pursuant to Fed. R. Evid. 701, and any response thereto, it is hereby **ORDERED** and **DECREED**, that Plaintiff is precluded from eliciting or introducing any opinion testimony regarding why Plaintiff, Nicholas Barone was terminated from the Office of the Register of Wills.

**BY THE COURT:**

_____
J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BARONE | : CIVIL ACTON No. 2:23-cv-02821 |
| Plaintiff, | : |
| vs. | : |
| CITY OF PHILADELPHIA, ET AL. | : JURY TRIAL DEMANDED |
| Defendants. | : |

## DEFENDANTS, CITY OF PHILADELPHIA, AND TRACEY GORDON'S MOTION IN LIMINE TO PRECLUDE IMPROPER LAY WITNESS OPINIONS

Defendants, City of Philadelphia and Tracey Gordon ('Defendants"), by and through the undersigned counsel, Marshall Dennehey, P.C., hereby submit this brief in support of their Motion in Limine to preclude improper lay witness opinion testimony in violation of F.R.E. 701 and submit the following.

1. Plaintiff, Nicholas Barone (hereinafter "Plaintiff"), filed the instant against Defendants City of Philadelphia and Tracey L. Gordon (hereinafter "Defendants") alleging violations of Title 42 U.S.C. §1983 – Against Defendant Gordon (Count I); violations of Title 42 U.S.C. §1983 (*Monell*) – Against Defendant City of Philadelphia (Count II); and Wrongful Discharge – Against Defendants (Count III). See, ECF 18 at ¶¶43 – 75.

2. Defendant Gordon was elected as Register of Wills for the ROW Office and assumed office on or about January 6, 2020. Id. at ¶9.

3. Plaintiff alleged that throughout his employment, Defendant Gordon requested employees to donate to her re-election campaign in the amount of $150. Id. at ¶18.

4. Plaintiff declined to contribute to Defendant Gordon's campaign. Id. at ¶19.

5. Defendant Gordon is alleged to have contacted Plaintiff's supervisor, Thomas Campion and inquired as to why Plaintiff did not make a contribution. Id. at ¶20.

6. On January 7, 2022, Plaintiff was terminated from the ROW Office. Id. at ¶26.

7. Plaintiff believes that he was one of several ROW employees that was terminated in response to their refusal to contribute to Defendant Gordon's reelection campaign. See, ECF 18 at ¶¶27-31.

8. Plaintiff believes that he was one of several ROW employees that was terminated in response to their refusal to contribute to Defendant Gordon's reelection campaign. See, ECF 18 at ¶¶27-31.

9. As part of fact discovery, Plaintiff produced a declaration signed by Patrick Parkinson, noting that "Gordon consistently retaliated against employees who refused to donate to her fundraisers and/or PAC. She expressed extreme anger when employees did not donate to her PAC."

10. Keith Harris ("Harris") was deposed and testified that he previously served as Special Assistant to Defendant Gordon during her tenure as Register of Wills.

11. Harris does not have firsthand knowledge as to why Plaintiff was terminated, as such, any opinion that he gives regarding same is improper lay witness opinion.

12. Charmaine Collins ("Collins") was also deposed and testified that she heard speculation that Plaintiff was terminated for his refusal to contribute to Defendant Gordon's campaign.

13. Collins does not have firsthand knowledge as to why Plaintiff was terminated, as such, any opinion that she gives regarding same is improper lay witness opinion.

14. "Motions in limine are made prior to trial or the presentation of evidence in order to aid the clear presentation of evidence." Holmes v. Am. Home Patient/Lincare, No. 4:21-CV-01683, 2024 WL 1118982 at *1 (M.D. Pa. Mar. 14, 2024).

15. Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in either experience or specialized knowledge for arriving at the opinion at issue. Fed. R. Evid. 701.

16. A lay witness' opinion testimony should be limited to opinions which are: (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

17. Rule 701 "is rooted in the modern trend away from fine distinctions between fact and opinion." Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1195 (3d Cir. 1995).

**WHEREFORE,** Defendants move to preclude Plaintiff from tendering any opinion testimony that Plaintiff was terminated based on his failure to contribute to Defendant Gordon's campaign.

MARSHALL DENNEHEY, P.C.

BY: _____
JOHN P. GONZALES, ESQ.
JAHLEE J. HATCHETT, ESQ.
Attorney ID No(s): 71265 / 313604
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com /
jjhatchett@mdwcg.com
*Attorneys for Defendants*

DATE: January 16, 2026

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS BARONE | : | CIVIL ACTON No. 2:23-cv-02821 |
| Plaintiff, | : | |
| vs. | : | |
| CITY OF PHILADELPHIA, ET AL. | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**DEFENDANTS, CITY OF PHILADELPHIA, AND TRACEY GORDON'S
BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE
TO PRECLUDE IMPROPER LAY WITNESS OPINIONS**

Defendants, City of Philadelphia and Tracey Gordon ('Defendants"), by and through the undersigned counsel, Marshall Dennehey, P.C., hereby submit this brief in support of their Motion in Limine to preclude improper lay witness opinion testimony in violation of F.R.E. 701 and submit the following brief in support thereof.

## I. FACTUAL BACKGROUND

Plaintiff, Nicholas Barone (hereinafter "Plaintiff"), filed the instant against Defendants City of Philadelphia and Tracey L. Gordon (hereinafter "Defendants") alleging violations of Title 42 U.S.C. §1983 – Against Defendant Gordon (Count I); violations of Title 42 U.S.C. §1983 (*Monell*) – Against Defendant City of Philadelphia (Count II); and Wrongful Discharge – Against Defendants (Count III). See, ECF 18 at ¶¶43 – 75. Through motion practice, Defendant Gordon conceded that she was a policy maker for the Office of the Register of Wills. See, ECF 44. Additionally, Plaintiff's Wrongful Discharge claim against Defendant Gordon was dismissed. See, ECF 26 at ¶2.

Plaintiff's claims stem from his employment with the Philadelphia Register of Wills Office for the City of Philadelphia. See generally, ECF 18 at ¶¶7-42. Plaintiff was hired as a Records Clerk by Register of Wills ("ROW Office") on or about January 3, 2019. Id. at ¶7. Throughout Plaintiff's employment at the ROW office, he was responsible for managing archive records for the ROW Office. Id. at ¶12. Defendant Gordon was elected as Register of Wills for the ROW Office and assumed office on or about January 6, 2020. Id. at ¶9. Shortly after Defendant Gordon was elected, she promoted Plaintiff to a full-time employee. Id. at ¶15. Plaintiff alleged that throughout his employment, Defendant Gordon requested employees to donate to her re-election campaign in the amount of $150. Id. at ¶18. In response, Plaintiff declined to contribute to Defendant Gordon's campaign. Id. at ¶19. Thereafter, Defendant Gordon is alleged to have contacted Plaintiff's supervisor, Thomas Campion (hereinafter "Campion") and inquired as to why Plaintiff did not make a contribution. Id. at ¶20.

On January 7, 2022, Plaintiff was terminated from the ROW Office. Id. at ¶26. Plaintiff believes that he was one of several ROW employees that was terminated in response to their refusal to contribute to Defendant Gordon's reelection campaign. See, ECF 18 at ¶¶27-31.

As part of fact discovery, Plaintiff provided a signed declaration from Patrick Parkinson (hereinafter "Parkinson"). In the declaration, Parkinson declared that "[i]n January of 2022, I became aware that Ms. Gordon fired Nicholas Barone for his refusal to contribute to her PAC. After Mr. Barone's termination on January 7, 2022, I had subsequent conversations with Ms. Gordon's staff including Keith Harris, who informed me that Mr. Barone was terminated because he refused to contribute to her PAC." See, *Parkinson Declaration*, at ¶6, attached hereto as **Exhibit A**.

However, Keith Harris (hereinafter "Harris") was deposed and testified that he previously served as Special Assistant to Defendant Gordon during her tenure as Register of Wills. See, *Harris Dep. Transcript*, 8:25; 9:1-3, attached hereto as **Exhibit B**. As part of Harris employment, he became familiar with Plaintiff and interacted with him (Plaintiff) in his capacity as a Records Clerk. Id. at 10:1-19. Harris occasionally visited the Archives Unit where Plaintiff worked in response workflow issues. Id. at 10:20-25; 11:1-22. However, Harris was not aware of any specific instances where Gordon discussed Plaintiff's performance. Id. at 12:5-17.

Harris also testified that Defendant Gordon often asked him to solicit campaign contributions from ROW employees, but Harris did not oblige. Id. at 15:16-20. In fact, Harris testified that Gordon kept a list of employees who contributed to her campaign but he never observed the list and had no idea who was on the list. Id. at 15:21-25; 16:1-25; 17:1-7. At some point, Harris became aware that Plaintiff was terminated. Id. at 22:7-12. In response, Harris asked Defendant Gordon why Plaintiff was fired, to which she responded "mind your business." Id. at 22:16-25; 23:1-2. Aside from that, Harris has no personal knowledge regarding Plaintiff's termination. In fact, Harris testified as follows:

> Q: Did you ever learn that Nick Barone was fired, at least for some part, related to his refusal to donate to Ms. Gordon's campaign?
>
> A: I mean, I don't think that was directly. It was just everything together, maybe.
>
> Q: Was one of those things that Nick Barone did not donate to Ms. Gordon's campaign?
>
> A: Perhaps.
>
> Q: You said perhaps?
>
> A: Mm-hmm.
>
> …

> I mean, it could have been some of it. I mean, it's just the pressure of the office - - it is the pressure of the offices, procedures of disseminating information to the different various departments within the Register of wills in City Hall and also contributions.
>
> …
>
> Q: So may I take from your deposition that, Mr. Barone's failure to contribute to Ms. Gordon's campaign was one of the reasons for his termination?
>
> A: I can't definitively say that.
>
> Q: Did you ever talk to anyone about that?
>
> A: No.

Id. at 23:8-17, 22-25; 24:1-3, 9-15.

Similarly, Charmaine Collins (hereinafter "Collins") was deposed and provided identical testimony. Collins testified that she heard through the grapevine that Plaintiff was terminated because he (Plaintiff) did not contribute to Defendant Gordon's campaign, however, Collins admitted that the purported reasoning was based on nothing more than speculation. See, *Collins Dep. Transcript*, at 78:15-19, attached hereto as **Exhibit C**.

Now, Defendants move to preclude any opinion testimony that Plaintiff was terminated based on his failure to contribute to Defendant Gordon's campaign.

## II. LEGAL ARGUMENT

### A. Standard of Review

"Motions in limine are made prior to trial or the presentation of evidence in order to aid the clear presentation of evidence." Holmes v. Am. Home Patient/Lincare, No. 4:21-CV-01683, 2024 WL 1118982 at *1 (M.D. Pa. Mar. 14, 2024). The trial court should exclude evidence in *limine* when the evidence is clearly inadmissible on all potential grounds. U.S. v. Tartaglione, 228

F. Supp.3d 402, 406 (E.D. Pa. 2017) citing Leonard v. Stemtech Health Sciences, Inc., 981 F.Supp.2d 273, 276.

> i. *Pursuant to Fed. R. Evid. 701 lay witnesses may not offer opinion testimony concerning the reason for Plaintiff's termination.*

Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in either experience or specialized knowledge for arriving at the opinion at issue. Fed. R. Evid. 701. When deciding whether the testimony at issue violates Rule 701, the trial judge must consider the reliability of the opinion by ensuring that it is supported by sufficient knowledge or experience that is germane to the opinion offered. U.S. v. Tartaglione, 228 F. Supp.3d 402, 406 (E.D. Pa. 2017) citing Leonard v. Stemtech Health Sciences, Inc., 981 F.Supp.2d 273, 276. A lay witness' opinion testimony should be limited to opinions which are: (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

Rule 701 "is rooted in the modern trend away from fine distinctions between fact and opinion." Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1195 (3d Cir. 1995). But while the rule does attempt to "liberal[ize]...the admissibility of opinion evidence," Id., lay opinion testimony will be inadmissible unless the witness has a " 'reasonable basis grounded in experience … for arriving at the opinion that he or she expresses.' " See, Eichorn v. AT & T Corp., 484 F.3d 644, 649 (3d Cir. 2007) (quoting Asplundh, 57 F.3d at 1201).

### III. CONCLUSION

Based on the foregoing, Defendants submit that Plaintiff should be precluded from tendering any lay witness opinion testimony regarding why Plaintiff was terminated.

                                **MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQ.
JAHLEE J. HATCHETT, ESQ.
Attorney ID No(s): 71265 / 313604
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com /
jjhatchett@mdwcg.com
*Attorneys for Defendants*

DATE: January 16, 2026

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS BARONE | : CIVIL ACTON No. 2:23-cv-02821 |
| Plaintiff, | : |
| vs. | : |
| CITY OF PHILADELPHIA, ET AL. | : JURY TRIAL DEMANDED |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, JAHLEE J. HATCHETT, ESQUIRE, do hereby certify that a true and correct copy of the foregoing Motion in Limine was electronically filed with the Court on the date below and available for viewing and downloading from the ECF System.

MARSHALL DENNEHEY, P.C.

Date: January 16, 2026

Jahlee J. Hatchett, Esquire
Attorney ID: 313604
Marshall Dennehey, P.C.
2000 Market Street, STE 2300
Philadelphia, PA 19103
*Attorney for Defendants*